## McALLISTER'S EXECUTOR vs. McALLISTER.

[BILL IN EQUITY BY WIDOW, AFTER ALLOTMENT OF DOWER, FOR RECOVERY OF RENTS, OR MESNE PROFITS.]

1. *Extent of widow's quarantine.*—A plantation, about five miles distant from the town in which the husband resided at the time of his death, from which he drew his supplies and derived his entire income, and the superintendence of which constituted his only business, is not so connected with his residence, (Code, § 1359,) as to entitle the widow to the possession or rents thereof until her dower is assigned. (A. J. WALKER, C. J., *dissenting.*)

2. *Jurisdiction of equity to award mesne profits, and measure thereof.*—After dower has been allotted to the widow by the probate court, she may come into equity to recover damages for its detention; and the measure of her damages, where the husband left no descendants, would be one-half of the rent, from the death of her husband, until the assignment of dower.

McAllister's Executor v. McAllister.

3. *Equitable set-off against claim for mesne profits.*—If the executor carries on the plantation of the deceased husband with the labor of the slaves, pays all the debts and expenses of administration out of the income, thereby saving the entire personal estate for distribution, and distrib- utes to the widow, under an order of the probate court, her distribu- tive share of the residue of such income, this constitutes no defense to the widow's claim for mesne profits; yet, if he acted in good faith, he is entitled to a credit out of the assets for the amount of damages recovered from him by her; and if the amount received by her as a distributee exceeds her proper share, to be ascertained after deducting the amount of her recovery from the entire fund for distribution, he may, under appropriate pleadings, recover the balance from her, and have it adjusted in the suit for mesne profits.

APPEAL from the Chancery Court of Marengo. Heard before the Hon. WADE KEYES.

THE bill in this case was filed by Mrs. Agnes McAllister; the widow of William McAllister, deceased, against the executor of said decedent, to recover the rents of the plan- tation belonging to the decedent, from the time of his death until her dower was assigned to her under an order of the probate court. The decedent died in October, 1853, leaving no children or their descendants; having executed and published his last will and testament, which was duly admitted to probate after his death, and of which Lewis B. McCarty, the defendant, was appointed the executor ; and being seized and possessed of a house and lot in the town of Demopolis, in which he resided at the time of his death, and a plantation about five miles distant in the country, which contained about eight hundred acres. The widow dissented from the will, within the time prescribed by the statute, and afterwards instituted proceedings in the probate court for an allotment of her dower ; and her dower was allotted to her, by commissioners appointed by said probate court, on the 14th January, 1856. The bill alleged, that the decedent "resided on and cultivated said plantation, from the year 1826, until January, 1851, when he removed to the town of Demopolis, (about five miles distant therefrom,) for the sake of comfort and society, and for no other purpose; that he continued the cultivation of

said plantation as before, was engaged in no other business
than that of planting, derived all his income from said
plantation to the time of his death, and all the supplies for
the support and consumption of his family, except sugar,
coffee, and similar articles of foreign export, as well after
as before his said removal to Demopolis ; that said planta-
tion was in fact, at the time of his death, but an appurte-
nance to his residence in the town of Demopolis, and con-
nected therewith ;" and that said executor had been in the
possession of said plantation, and in receipt of the rents
and profits thereof, from the time of his appointment and
qualification. The complainant claimed that she was "en-
titled to the rents of said entire plantation, from and after
her husband's death, until dower was assigned her, under
and by virtue of her right to the possession thereof until
the assignment of her dower, together with interest on
said rents ;" and added the general prayer, for other and
further relief.

The executor filed an answer to the bill ; denying that
the plantation was appurtenant to the decedent's residence,
or connected therewith, or that the complainant was en-
titled to any portion of the rents ; but admitting all the
other allegations of the bill.   He alleged, also, by way of
defense, that with the proceeds of the crops raised on the
plantation he had paid all the debts of the estate, with the
expenses of administration, and, under an order of the
probate court, had distributed one-half of the residue to
the complainant, as a part of her distributive share of the
personalty ; and he insisted, that she was thereby estopped
from asserting any claim to the rents.

By agreement between the parties, it was admitted,
"that the decedent drew all of his supplies from said plan-
tation during his life-time, and owed money and large
debts at the time of his death ; that the defendant, as
executor, had cultivated four hundred and thirty-five acres
of said plantation, from 21st August, 1854, until the 14th
December, 1856, when the complainant's dower was
assigned to her ; that said land was worth, by way of rent,

$2 50 per acre; that the crops raised on said land by said defendant, during the time aforesaid, were sold by him for $5,101 58, of which amount $3,553 43 was applied by him to the payment of debts, being all the debts of the estate; that the complainant dissented from the will, and took one-half of the property after the payment of debts; that a balance of $1,875 66, after payment of debts, was left in said defendant's hands, arising from the proceeds of said crops, as ascertained by a decree of the probate court of said county, on a settlement had before the institution of this suit; and that one-half of this amount, $937 83, was decreed to complainant on said settlement, and paid to her by said defendant."

On final hearing, on bill, answer, and admitted facts, the chancellor held the complainant entitled to the entire rents of the plantation, and ordered an account to be taken by the master; and his decree is now assigned as error.

I. W. GARROTT, for appellant.

JNO. T. LOMAX, contra.

A. J. WALKER, C. J.—The complainant's deceased husband removed from his plantation, in 1851, to a town distant about five miles, and thenceforward until his death, in 1853, resided in the town; drawing his supplies from the plantation, having no business save the superintendence of the plantation, and no income except from the plantation. The majority of the court are of the opinion, that the plantation of the deceased was not, within the meaning of section 1359 of the Code, "*connected with the dwelling-house where the deceased most usually resided next before his death*," and that the widow was not entitled to the possession of the plantation until her dower was assigned her. They think, that the same reasoning which would make the plantation so connected in this case, would produce the same result if the plantation were a hundred miles distant from the residence, and would give the widow the possession, as her quarantine, of two or more plantations within

a few miles of the residence. They think, that to hold the plantation in this case to be within the statute, would be inconsistent with the spirit and intent of the law, and would establish a precedent which might lead to most unjust and unreasonable consequences. I would myself prefer a different conclusion, and I think the previous decisions of this court, sustain the widow's right to possess the plantation until her dower was assigned.—*Pinckard v. Pinckard*, 24 Ala. 250 ; *Smith v. Smith*, 13 Ala. 329.

[2.] The complainant had a right to come into chancery to recover damages for the detention of her dower ; and the measure of her damages would be one-half the rent, (the deceased having left no descendants,) from the husband's death, until the dower was assigned.—*Perrine v. Perrine*, 35 Ala. 644 ; *Slatter v. Meek*, ib. 528 ; *Smith v. Smith*, 13 Ala. 329–336.

[3.] As a defense to this suit, it is said by the defendant, that he carried on the plantation, and from the income he discharged the debts of the estate, leaving the entire personalty to be divided ; that there was a large balance in his hands, after the payment of the debts and expenses of administration ; and that one-half of this balance was, under a decree of the probate court, paid to the complainant. The argument, we suppose, is, that the complainant, in having the income of the plantation appropriated to the payment of the debts of the estate, and the personalty thus saved from sale to pay the debts, and in receiving one-half the balance of the income, has received the benefit of one-half the rent of the land. The income from the plantation was the product of the soil, the labor of the slaves and animals, the implements of husbandry, and the skill and industry of the supervisor, undistinguishably commingled. It is not true, therefore, that the income stood to the complainant, in the place of the rent of the land. It was the product of the commingled elements above stated, one of which was the use of the land ; and to one-half the benefit of all the others she was entitled as a distributee of the estate. By virtue of a right altogether

distinct from her dower, she was entitled to her distributive share, after the payment of debts and expenses, in the product of all the agencies employed, except the use of the land ; and to one-half that she was as dowress entitled. The doctrine of election obliges a party, having inconsistent rights, to choose between them. No such inconsistent rights exist here, between which a choice could have been made. The complainant could not have given up the income derived from the land, or the benefit accruing to her from, the discharge of debts and expenses out of it, without at the same time yielding up her right as a distributee, which she could not be required to do.

If, however, the executor in good faith cultivated the land, and the distributees have accepted the benefit off his use of the land;, he is entitled to a credit out of the assets for the rent which may be recovered from him by the complainant.—*McCreliss v. Hinkle*, 17 Ala. 459 ; *Gerald v. Bunkley*, *ib.* 170. And if, upon the recovery by the complainant of her rents, it should be the case, that, with the charge upon, the estate thus superadded, the amount received by the complainant, as a distributee, should exceed her share, then the defendant would be entitled to recover the excess from her.—*Sellers v. Smith*, 11 Ala. 264. Should the defendant have such right against the complainant, we see no reason why the balance should not be adjusted in this case ; and if necessary, the pleadings may be amended for that purpose.

Reversed and remanded: