# Tillman *v.* Spann.

*Bill in Equity by Widow, for Allotment of Dower, and Account of Rents and Profits.*

1. *Recitals of decree; conclusiveness of, on appeal.*—Where the chancellor's decree declares the complainant entitled to relief against C., one of the defendants, and adds, "But, it being represented that the parties have made some settlement or compromise touching their claim against said C., no decree is now made, the court reserving the case for such decree as may be in accordance with the terms of said settlement ;" this recital, if untrue in fact, can not be controverted in the appellate court, but must be corrected in the court below.

2. *Adverse possession by purchaser.*—A purchaser of land under an
Vol. lxviii.

[Tillman v. Spann.]

executory contract, who is let into possession without a deed, becomes an adverse holder so soon as he pays the purchase-money; and if his possession continues uninterrupted for ten years, he may maintain or defeat an action of ejectment on it.

3.   *Widow's right of dower and quarantine; in what lands claimed.*— The widow is not entitled to dower in lands of which her deceased husband was possessed during coverture as the administrator of his deceased son, who had been in possession under an executory contract of purchase, having paid the purchase-money, for a period long enough to acquire a title under the statute of limitations, although he had never received a conveyance from his father; and having no right to dower in such lands, she is not entitled to rents and profits, or statutory quarantine.

4.   *Rents and profits of plantation connected with last residence of deceased; widow's right to, before dower assigned.*—The husband having rented out to various tenants, for the year, the plantation connected with his residence at the time of his death, and afterwards conveyed it by deed of trust to secure an admitted indebtedness, assigning also to the trustees the several notes given for the rent, the widow is entitled, as against the trustees and beneficiaries, to the rents accruing up to the allotment of her dower, not from the filing of her bill, but from the death of the husband.

Appeal from the Chancery Court of Perry.
Heard before the Hon. CHARLES TURNER.

The original bill in this case was filed on the 16th November, 1868, by Mrs. Mary M. Walker, as the widow of Thomas Walker, deceased, and sought an assignment of dower in certain lands, of which her said husband was alleged to have been seized and possessed during their coverture, and an account of the rents and profits since his death; and the complainant having died pending the suit, it was revived in the name of John P. Tillman, the present appellant, as the administrator of her estate.   Thomas Walker and the complainant were married in February, 1866, and he departed this life on or about the 5th June, 1868, leaving as his heirs at law, and the distributees of his estate, his daughter, Mrs. Mary J. Spann, the wife of Samuel G. Spann, and Maud and Ida Walker, his grand-children, who were the children of his deceased son, Joseph P. Walker.   Said Spann and wife, with their two sons, and Maud and Ida Walker, were made defendants to the bill, under an allegation that they were in possession of different portions of the land, claiming and asserting title; and John F. Vary was also made a party defendant, as the administrator of said Thomas Walker's estate.

The entire body of lands in which dower was claimed contained about 3,500 acres, and consisted of several plantations lying contiguous to each other, and known as the "Home place," the "Joe Walker place," the "Blevins place," or "Seawell place."   Spann and wife asserted title to the latter place, under a written instrument which purported to "give unto M. J. Spann, wife of S. G. Spann, the place she lives

on," without other descriptive words; which was signed by said Thomas Walker, and dated the 5th January, 1860, but was not under seal, and was neither attested nor acknowledged; and their children also claimed it, under a deed of gift from said Thomas Walker, dated the 2d January, 1868. The "Joe Walker place" was claimed by Maud and Ida Walker, as the heirs of their deceased father, Joseph P. Walker, who died, intestate, during the year 1851; and they asserted title in their father under a verbal contract of purchase from Thomas Walker, in 1845, under which said Joseph P. took possession, and afterwards paid the purchase-money; but the particular terms of this contract, the agreed price, the payments made &c., were neither alleged nor proved. On the death of Joseph P. Walker, letters of administration on his estate were granted to said Thomas Walker, his father, who also qualified as the guardian of his infant children; and he continued to discharge the duties of said trusts up to the time of his death.

On the 28th April, 1868, Thomas Walker conveyed a large portion of the lands, embracing the "Home place" and the "Joe Walker place," to John White and P. Lockett as trustees, to secure an indebtedness to Maud and Ida Walker, estimated to be about $30,000, but the exact amount not then ascertained; and also conveyed to said trustees the rents and profits of the lands for and during the year 1868, transferred to them the notes for rents which he had taken from the several tenants, and gave them the control of the lands. White and Lockett were made defendants to the bill, and filed a joint answer, asserting their title as trustees under the deed.

The lands were sold, in different tracts, pending the suit, under executions issued on judgments obtained against Thomas Walker in his life-time, and were knocked down to different persons as purchasers; George H. Craig becoming the purchaser of a tract containing about one thousand acres, and being placed in possession by the sheriff. Craig and the other purchasers were brought in as defendants by amended and supplemental bills, and filed answers; but the proceedings had in reference to these matters require no special notice.

On final hearing, on pleadings and proof, the chancellor held that the complainant was not entitled to dower in the lands embraced in the "Joe Walker tract," but was entitled to dower in all the other lands described in the bill; that White and Lockett, trustees, were liable for the rents and profits of all the lands conveyed to them except the "Joe Walker tract," but only from the filing of the bill; and that

[Tillman v. Spann.]

the complainant was entitled to relief as against Craig, as to whom, however, no decree was rendered, because, as recited, there was a compromise or settlement between the parties. The complainant appeals from this decree, and here assigns as error the refusal of the chancellor to grant any relief as to the lands embraced in the "Joe Walker place," his refusal to allow rents and profits from the death of the husband, instead of the filing of the bill, and his failure to sustain the complainant's several objections to testimony.

BROOKS & ROY, for appellant.

FELLOWS & JOHN, and JNO. F. VARY, contra.

STONE, J.—In the decree of the chancellor in this cause is the following language : "Complainant is entitled to relief as against the defendant, George H. Craig ; but, it being represented that the parties have made same settlement or compromise touching their claim against said Craig, no decree is now made, the court reserving the case for such decree as may be in accordance with the terms of said settlement." In the brief of counsel it is said, "The chancellor is mistaken in saying that any arrangement was made with Craig, to the effect by him stated." We feel bound by the statement of the chancellor ; and the question of the extent of complainant's relief against Craig not having been passed on, we can not consider that question. If the chancellor fell into error, as to the nature and scope of the agreement, that should have been corrected in the court below.

Many objections and exceptions to testimony were filed in the court below; and it is here objected that the chancellor should have considered those objections and excluded the testimony. Some of the objections were, perhaps, too general to authorize their consideration. The portions of the testimony to which special objection is urged, consist of statements by, and transactions with Thomas Walker, the intestate, deposed to by Maud Walker and her mother, now Mrs. Parish. We can perceive no ground of objection to the testimony of Mrs. Parish, as she is not a party to the suit, and does not appear to assert any interest in the litigation, or in its subject-matter. But we may exclude all that is testified to by her, or by Maud Walker, her daughter, as to any transactions with or statements by Thomas Walker, and the following facts are proved to our satisfaction, by the testimony of other witnesses, whose competency cannot be questioned : That Thomas Walker placed Joe Walker, his son, in possession of certain lands, or Joe Walker took possession, with his

father's knowledge and permission. This possession was taken by Joe as a purchaser, but the purchase-price is not shown. Joe conducted himself in all respects as the owner, claiming the lands, and exercising the customary acts of ownership. Within a reasonably short time, Joe paid the purchase-price, whatever it was; a survey was then made, marking the dividing line; and Joe, with his family, continued to occupy the lands until his death. Thomas Walker, the father, then became administrator of Joe's estate, and guardian of his children, and as such controlled, directed and managed the place, as of the estate of Joe Walker, until he, the father, died. Now, whether we date Joe's holding from the time he finished paying for the land, or from the time Thomas Walker took control as administrator, it gives to him and his children more than ten years of independent holding in their own right, and thus armed them with a title which could either maintain or defeat an action of ejectment.—*Taylor v. Dugger*, 66 Ala. 444, and authorities cited; *Smith v. Roberts*, 62 Ala. 83. And the ten years was complete, after deducting four years, eight months, and ten days, during which the statute was suspended.

The chancellor did not err in denying to complainant dower in the Joe Walker tract. Thomas Walker had no rightful seizure of that land during the coverture, either legal or equitable. For the same reason, the widow was not entitled to quarantine in those lands. Although adjoining the home tract, they were occupied in a different right, and were not connected with the dwelling-house in that sense which is contemplated by the statute.—Code of 1876, § 2238. There being no rightful claim of dower, there could be no quarantine.—*Slatter v. Meek*, 35 Ala. 528; 1 Brick. Dig. 613, §§ 19, 22.

There is a remaining question—the widow's quarantine rights in the remaining part of the plantation; that part constituting the plantation connected with the dwelling-house where Mr. Walker resided at the time of his death, not including the " Joe Walker tract." It is not denied that Mr. Walker resided there at the time of his death, nor is it denied that the plantation in controversy was connected therewith. It had been, by Mr. Walker, let to rent to various tenants, who were cultivating under their leases for the year; and then Mr. Walker, by trust deed, had conveyed the rent contracts and most of the lands to White and Lockett, as trustees, to secure an admitted indebtedness of a large sum to Maud and Ida Walker, his wards. The trust deed placed the property and rent contracts in the immediate possession and control of the trustees, so far as consistent with said contracts of lease, with authority and direction to collect and account to the benefi-

[Steele v. Tutwiler.]

ciaries for the rents. Complainant claims that she is entitled to these rents, accruing between the death of Mr. Walker and the allotment of her dower under section 2238 of the Code of 1876. The chancellor decreed her the rents, only from the time her bill was filed, in November, 1868. Following our former rulings on this question, we feel bound to hold the chancellor erred in not giving the widow the rents of the lands, not embraced in the "Joe Walker tract," from the death of Mr. Walker.—*Oakley v. Oakley*, 30 Ala. 131 ; *Shelton v. Carroll*, 16 Ala. 148 ; *Boyd v. Hunter*, 44 Ala. 705 ; *Slatter v. Meek*, 35 Ala. 528 ; *Wood v. Morgan*, 56 Ala. 397.

We do not consider there is any thing in the other questions argued.

Reversed and remanded.