# Francis, *et al. v.* Sandlin, *et al.*

*Bill to Cancel Deed as Cloud Upon Title, and to Ascertain the Interest of Joint Owners and a Sale for Division.*

(Decided May 6th, 1907.   43 So. Rep. 829.)

1. *Dower; Nature of Interest.*—Dower, before it is assigned, is in the nature of a right of action, and is not an interest or estate in land, and cannot be assigned except by way of release to the heir or terre-tenant, which is really an extinguishment rather than a transfer.

2. *Partition; Parties.*—The widow to whom dower has not been assigned, is not a necessary party to a bill filed by the children of the decedent to compel the respondent to surrender a deed executed to decedent for the land, to declare tax deeds void, and to ascertain the interests of the joint owners and to sell for partition.

3. *Taxation; Tax Deeds; Validity.*—Because of an ineffectual attempt to convey other lands, a tax deed is not rendered invalid as to the lands it propery describes in a certain quarter section, as to the intertest and title that the state has in them, if otherwise sufficient.

4. *Pleading; Demurrers; Grounds.*—A general demurrer is bad and will not be considered. Code 1896, Section 3303.

5. *Taxation; Tax Deeds; Suit to Annull; Bill; Sufficency.*—A bill is not demurrable on the ground that it does not appear therefrom that a sale in parcels was practicable, where it avers that the land sought to be taken without the tax sale, together with other land, was offered for sale as a whole, and not in parcels, and that the same could have been sold in parcels.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by W. E. Sandlin and others against W. R. Francis and others to have a deed executed to the father of complainants surrendered to complainants, to cancel certain deeds as a cloud upon complainants title, to ascertain the interest of the joint owners, and to decree a sale of same for division. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The bill prays that the court will ascertain the interest of one Sheats in the property described in paragraph 2 of the bill, and decree and compel a surrender of said deed to complainant, and that the court will decree and declare the deed held by W. R. Francis to be null and void, and order the same canceled as a cloud upon the title to the property, and that by the decree the court will ascertain and declare the interest of the joint owners or tenants in common in the said property, and order a sale of the same for distribution. The bill alleges that Benjamin Sheats died on or about the 16th day of August, 1904, seized and possessed of the following land: S. E. 1-4 of S. E. 1-4 of section 22, S. W. 1-4 of S. W. 1-4 of section 23, and W. 1-2 of N. W. 1-4 of section 26, all in township 6, range 5; that said Sheats died intestate, and no administration has been had upon his estate, and that none is necessary; that said Sheats left surviving him his widow, M. L. Sheats, and his children, M. E. Sandlin, J. N. Sheats, Louisa Davis, and others mentioned, the interest of which in said land is set out. It is further alleged that the land cannot be equitably divided. It is also alleged that W. D. Sheats has in his possession or under his control a deed executed to Benjah Sheats (called Benjamin above) by one C. C. Sheats, whereby the title to said land was conveyed to and vested in said Benajah Sheats, and that he refuses to deliver the same to complainant, and asserts some claim of right or interest in the deed; but it is averred that he had no interest in, claim to, or title to said land. It is averred that W. R. Francis claims some right or interest in said land under and by virtue of certain tax deeds executed to him by the state,

[Francis, et al. v. Sandlin, et al.]

but that his deed is void for irregularity in the assessment and sale of said land, in that said land, valued at about $300, was offered for sale as a whole, together with a large number of lots in Decatur, New Decatur, and Hartselle, Ala., valued at $4,700, and not in parcels, and was so bought in by the state at said sale, and that the amount of taxes and costs assessed against all of the land was about $89, and the same was sold as a whole, and not offered for sale for the taxes due on each separate tract; and complainants offer and tender to Francis whatever amount the court may determine that he is equitably entitled to in payment and recompense for the money paid out by him to the state of Alabama, and it is prayed that, if he is entitled to any money, it be decreed to be paid him out of the proceeds of sale. M. L. Sheats ,the widow, was stricken by amendment as a party defendant, wherever her name appears in said bill. Demurrers were interposed, raising the question that M. L. Sheats was a necessary party; that the bill is uncertain, in that it does not appear whether it seeks to cancel, as a cloud upon complainant's title, a deed executed to Francis by the tax assessor of Morgan county, or a deed executed to Francis by the state of Alabama. It appears from the bill that Francis holds a deed from the State Auditor, and the facts set out are not sufficient to show that the assessment and sale of said property was so conducted as to render said deed void, and that the tender is insufficient.

CALLAHA& & HARRIS, for appellants.—Under section 1453 the widow is a necessary party to a bill seeking a sale for distribution, and the demurrer going to that point should have been sustained.—Crothers v. Ross. 17 Ala. 816. Section 4060, Code 1896, has no application to lands sold for taxes bid in by the state, and a sale to the state in lump sum is not void.—Section 4062, Code 1896.

JOHN R. SAMPLE and S. A. LYNNE, for appellees.— The dower not having been assigned to the widow she was not a necessary party. In any event, the bill does

not disclose whether she is or is not interested, and demurrer was not the way to reach the defect, if one existed. The tax sale was void because made in bulk. The proof of its regularity and that all the conditions of the statute was complied with rests upon those claiming under it.—*Clarke v. Rowan,* 53 Ala. 400; *Johnson v. Harper,* 107 Ala. 708; *Reddick v. Long,* 124 Ala. 265; *Nat. Bank v. B. H. Iron Co.,* 108 Ala. 639. The bill having alleged that the sale took place during the time that Sharpley was tax collector and W. S. White was State Auditor, the court judicially knows of the tenure of these officers,' and thus can fix the time of the sale.— *Ragland, et al. v. Wynn,* 37 Ala. 35; *Ex parte Harris,* 52 Ala. 94.

McCLELLAN, J.—Dower, after the death of the husband and before assignment, is in nature a right of action. It is not an interest or estate in the realty, and is unassignable, except by way of extinguishing release to the terre-tenant.—*Barber v. Williams,* 74 Ala. 331; *Reeves v. Brooks,* 80 Ala. 26; *Penny v. Weems,* (Ala.) 39 South. 574. See 2 Scribner on Dower, p. 27. It follows that the surviving widow of the ancestor, from whom the lands descended to the joint owners or tenants in common, is not a necessary party to the cause as made by the averments of this bill. She is without interest or estate in the lands sought to be sold for distribution. Her dower does not appear to have been assigned. The demurrer, raising the question that, as dowress, she is a necessary party, was correctly overruled.

The only other assignment insisted on by appellant is based upon the demurrers, which were overruled, to the point that the averments of the bill are not sufficient to show that the deed from the Auditor to appellant is void. This deed purports to convey only 40 acres of the lands involved, and that by including it in a mere comprehensive call. That fact cannot avail to render it a nullity in toto. It, if otherwise valid, is sufficient to transmit the interest or title of the state to appellant in whatever lands in the quarter section described the

[Alabama Cotton Oil Co. v. Weedon.]

state had any title or estate. The state could only convey the right, title, or interest it had; and an ineffectual attempt to convey a greater estate or interest would not invalidate the conveyance of that property conveyable.

The fifth ground of demurrer is general, and therefore bad.—Code 1896, § 3303.

The demurrant, by the fourth ground, seems to concede the invalidity of a tax sale en masse of distinct lots or tracts of land, where such sale could have been separately or in parcels made. As the matter is presented, a decision of this proposition is unnecessary. This ground of demurrer takes the point that it does not appear from the bill that such separate sale was practicable. The bill is affirmatively opposed, in averment, to the point made, since it appears therefrom that the lots or tracts sold en masse were distinct, and could easily have been sold separately or in parcels. Hence the demurrer on this ground was properly overruled.

The other ground of demurrer is clearly without merit.

The decree will be affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.