(118 So. 333)

## McCRAW v. COOPER. (7 Div. 823, 823-A).

Supreme Court of Alabama. Oct. 11, 1928.

Willett & Willett and Rutherford Lapsley, all of Anniston, for appellant.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

188

SAYRE,. J. Appellant's bill brought appellee to an accounting for his administration of the estate of Roberta E. Cooper. Appellee, in virtue of his appointment as administrator, had been in charge of the estate of intestate for 40 years or thereabouts. By appropriate decree it was referred to the register to state the account between appellee and the estate. To the register's report exceptions were reserved, and the rulings on these exceptions furnish the subject-matter of the differences between the parties on this appeal.

In noting their exceptions in the court below the parties complied with chancery court rule 93 by noting "the evidence, or parts of evidence, they relied upon in support of their exceptions." But these notations afford to this court no assistance—or very little—for the reason that the original paging of the evidence has not been reproduced in the transcript. It results that the notations of the evidence filed with the original exceptions mean little or nothing to this court. It is not the province of this court on appeal to investigate items of an account. Its province is to investigate errors alleged and—

"exceptions are to be regarded only so far as they are supported by special statements of the master [register], or by evidence which ought to be brought before the court by reference to the particular testimony on which the exceptor relies." Warren v. Lawson, 117 Ala. 343, 23 So. 65, 66.

However, we have considered the errors assigned by the parties on both the original and cross appeals as well as we might, without assuming the functions of the register or undertaking a restatement of the account between the parties covering a period of 40 years. Curtis v. Curtis, 180 Ala. 70, 60 So. 165.

1. By his second exception to the register's report, which we consider in the first place, appellant McCraw, heir at law and distributee of appellee's intestate, complained that appellee should have been charged in appellant's favor with one-sixth—the interest of appellee's intestate—of a large sum, the alleged difference between the value of intestate's interest in a tract of land, a part of the estate of C. J. Cooper, deceased, father of appellee's intestate, and the price at which that interest was by appellee, along with the three other executors of the will of C. J. Cooper, through an intermediary, purchased at their own sale under an order of the probate court. The sale complained of had only the informal approval of the court, as evidenced by the judge's indorsement of confirmation on the report of sale; but that indorsement will serve to show a confirmation for the purpose of this proceeding. Worthington v. McRoberts, 9 Ala. 297. In the cited case it was held that anything which expresses the approbation of the court will suffice.

Conceding appellant's right, on timely application, to have the sale set aside, had the administrator been without personal interest in the property—no right of third parties intervening—and this whether his purchase was direct or through the agency of one who subsequently conveyed to him (Calloway v. Gilmer, 36 Ala. 354), it appears that he could not subject the administrator to the payment of the supposed or alleged value of the land at the time of the sale, as appellant contends, but could only have a resale at a proper upset price (Bailey v. Robinson, 1 Grat. [Va.] 4, 42 Am. Dec. 540).

Had appellee not been interested as heir and distributee in the estate of C. J. Cooper, it may be conceded that the right of appellant to set aside the sale in question, so far as that right was affected by the mere lapse of time, could have been foreclosed only by bringing the trust, the administration to a final settlement. But appellee, along with the other executors, heirs, and distributees of the estate of C. J. Cooper, such others, by the way, having agreed to the purchase by appellee and his coexecutors, was equally interested with appellant's intestate in the land, so that the principle which forbids a trustee to purchase at his own sale was in this case limited by the further principle that, if the sale would be avoided, prompt action to that end should have been taken. Brannan v. Oliver, 2 Stew. 47, 19 Am. Dec. 39; James v. James, 55 Ala. 525; Cottingham v. Moore, 128 Ala. 209, 30 So. 784; Tolley v. Hamilton, 206 Ala. 634,

91 So. 610; Meeks v. Miller, 214 Ala. 684, 108 So. 864.

The sale in question was made in December, 1903. Appellant reached his majority in 1911. His bill to remove the administration from the probate into the circuit court in equity was filed February 13, 1925. The settlement under review was approved by decree on January 13, 1928. As we have noted, the heirs of C. J. Cooper, other than the heirs of Roberta E. Cooper, then deceased, including appellee's coexecutors, agreed among themselves on the price to be bid in their behalf for the land, which was sold at public auction. Appellant and the other heirs of Roberta E. Cooper were then minors, and were represented in the probate court proceedings by a guardian ad litem; so that the sale turned out to be a sale of the one-sixth interest of the minor heirs aforesaid. There is no proof of fraud, or that the sale at public auction was unfairly conducted, and, though much evidence was taken in the chancery court (circuit court in equity) on the question of value, if appellant were now in position to bring that matter into review, we probably would be compelled to affirm that the interest of the minors was not adequately valued in the price bid on behalf of the adult heirs. However, as to that neither the register nor the chancellor expressed any opinion; the register's judgment, apparently concurred in by the court, being that the decree of the probate court confirming the sale was conclusive in the cause now under consideration. In that judgment we concur, to this effect, at least, that the validity of the purchase thus sought to be brought into question cannot be litigated in this cause, from which all the parties in interest are absent, save only appellant and appellee; appellant being one of several heirs of one of several devisees under the will of C. J. Cooper, and appellee being one of several devisees and one of four coexecutors under that will. Another sufficient reason conduces to the same conclusion.

"Long acquiescence in the purchase"—in this case acquiescence for 14 years after appellant came of age—"of which no just and reasonable explanation is offered, disables the cestuis que trust from coming into a court of equity to avoid the sale, or to assert that it was in trust for their benefit. * * * Unexplained acquiescence is a waiver of the right. * * * He must show how and when he first came to a knowledge of the facts." James v. James, supra.

2. The first exception to the register's report complains that appellee, as administrator of the estate of Roberta E. Cooper, was not required to account for a legacy of $2,000, with interest thereon, due to her from the solvent estate of her father, which amount appellee, it is alleged, failed to collect and account for. This legacy was payable out of testator's general estate. Kelly v. Richardson, 100 Ala. 596, 13 So. 785. Appellant, as one of the heirs of the legatee, Roberta E. Cooper, was entitled to receive only a share, one-sixth, of that legacy. The register's report, based upon the fact that Roberta, in 1886, executed a receipt for $1,600 as part payment of her distributive share under the will of C. J. Cooper, which amount was $500 in excess of payments made at the same time to the other devisees and legatees under the will (with the exception of Mrs. Reid, a daughter, who at the same time received $1,600) and in the same writing acknowledged the receipt of $1,500 from her father, C. J. Cooper, after the making of his will, which the receiptor (Roberta) accepted "as a part payment of my [her] distributive share under said will." "Distributive share" was not here used in its strict legal meaning, of course, for the receiptor took under the will of C. J. Cooper, and not as in case of intestacy. And the fact, heretofore noted, along with the eighth item of the testator's will, which very clearly evidences testator's purpose to place Roberta on a footing of approximate equality with his other children (who had received advances with which they were charged in the will) before the equal distribution among them under the residuary clause should be in order, appear to have induced the register's conclusion that Roberta, under whom appellant claimed, had received the legacy of $2,000 during her lifetime.

Appellant's suggestion is that the will was ambulatory until the death of testator, meaning, as we understand, that the $1,500, receipt of which was acknowledged, cannot be held to have been on account of the legacy of $2,000, for the reason that the will became effective only upon the death of testator, when the legacy must be considered as having been fixed, without reference to what had gone before. But we find no difficulty, so far as concerns the receipt of $1,500 from testator, in treating that amount as a credit upon the legacy, if that was the legatee's agreement with testator as the receipt indicated the case to have been. And this, in connection with the excess of $500 over the other children and legatees of testator (with one exception for which no explanation is offered), paid shortly after the death of testator, together with the fact that very clearly testator intended that the beneficiaries of his will should account for all advances, furnishes sufficient reason for our agreement with the register and the court below as to this exception to the register's report.

3. Appellant complains that there was great delay in collecting the assets of the estate of Roberta E. Cooper; that other devisees and legatees under the will of C. J. Cooper were allowed, through business houses in which they were interested, to have the use of assets of the estate; and that appel-

lee reserved for his own use commissions on collections and disbursements without an order of allowance by the court. But the exceptions to the register's report which may be accepted as bringing these complaints to the attention of the court are so presented in the briefs on appeal that we are unable to definitely locate any result that would be of benefit to appellant. If there was error against appellant in respect of the legal principles involved in the accounting, it has not been made to appear on this appeal. Devisees and legatees under the will of C. J. Cooper, other than Roberta, under whom appellant claims, were allowed to make use of their interests in the estate of their testator for many years and in advance of a legal settlement of the estate; this, it seems, by the competent mutual consent of all parties in interest, except the minors in the class with appellant, children of Roberta, who died very soon after the death of her father, C. J. Cooper. There is no complaint on behalf of creditors, and the other devisees and legatees of C. J. Cooper are not complaining, of course. Appellant can be heard to complain only in so far as that manner of dealing with the estate prejudicially affected his individual interests. The will of C. J. Cooper was admitted to probate April 8, 1886. O. W. Cooper, a son of testator, D. C. Cooper, appellee, another son, and two sons-in-law, were appointed as executors and undertook to administer the estate. The complaint now is that appellee failed to bring the estate of C. J. Cooper to an earlier settlement, and that he should now be charged with interest on the various sums that came into the hands of these executors during the long period in which the settlement of that estate was pending. There was a final settlement in the probate court of Calhoun county of the estate of C. J. Cooper on November 15, 1920. But that was a settlement by agreement among the devisees and legatees; D. C. Cooper, appellee, included. As has appeared, appellee, was during that time administrator of the estate of Roberta E. Cooper, under whom appellant claims, and represented the estate of Roberta as well as his own interest in the estate of C. J. Cooper.

Appellant now suggests that he should not be bound by the results of that settlement, for the reason that he was not represented there, except by appellee as administrator. Our opinion is that appellant, as well as the immediate parties to that settlement (Smith v. Williams, 141 S. C. 265, 139 S. E. 625, 54 A. L. R. 976), is bound in this cause, from which numerous parties then in interest are absent, unless and until it be impeached for fraud. No fraud in that settlement is charged or shown. But appellee is chargeable, of course, with receipts by him on account of the estate of Roberta which came into his hands for administration. The record shows receipts by Roberta E. Cooper

during her life, and payments by the executors of C. J. Cooper to appellee as administrator of Roberta, covering the period elapsing between the probate of the will and the agreed settlement.

Aside from the matters heretofore considered, appellant does not question the register's report, except in the matter of appellee's alleged failure to make distributions promptly, and on that account seeks to charge appellee with interest. It is held that an administrator cannot excuse delay, depriving distributees of the use of money which ought to have been paid to them, on the ground that parties in interest have not resorted to compulsory proceeedings against him. The statute contemplates that the administrator shall become the actor in proceedings for a final settlement. Clark v. Knox, 70 Ala. 619, 45 Am. Rep. 93. But the administrator may exercise a reasonable judgment in the matter of distribution. Eubank v. Clark, 78 Ala. 83. An administrator will not be charged with interest on small balances on hand at different times, when the retention of such balances may appear to be probably needed to meet the contingencies of the administration. Kenan v. Graham, 135 Ala. 585, 33 So. 699. Apart from payments to appellee's intestate during her lifetime—as to which, of course, there can be no complaint by appellant—and apart from amounts retained as commissions, only small amounts are shown to have lingered for any very considerable time in the hands of appellee, and upon the final settlement in this cause only a trivial sum appeared to have been due to appellant, after providing for the payment of commissions, attorney's fees, and court costs. Appellee was allowed commissions, as to the reasonableness of which in amount there is no contention, but was charged with interest thereon—this, on the authority of Kenan v. Graham, supra. In addition, appellee was charged with interest on the balance in hand after the agreed settlement of the estate of C. J. Cooper in 1920. As for attorney's fees and court costs allowed by the register, there is now no controversy. Our conclusion on this branch of the case is that no reversible error has been shown.

On behalf of appellee, as cross-appellant, it is urged that the final decree in this cause in the chancery court was error, for the reason that there was no note of testimony. Lunday v. Jones, 204 Ala. 326, 85 So. 411, and Brassell v. Brassell, 205 Ala. 202, 87 So. 347, are cited.

Further, it is urged that there was no proof of the special equity upon which the order of removal from the probate to the circuit court in equity must be rested. At first the circuit court, on the filing of the bill in this cause and upon affidavit, made evidently upon the assumption that section 6478 of the Code governed the case, made an or-

der removing the administration into the circuit court, equity side. Afterwards the court vacated the order of removal on the ground, ascertained and determined by the court, that the probate court had taken jurisdiction for the final settlement of the estate before the filing of the bill in this cause. Upon appeal to this court from the last-stated order, a reversal was adjudged on the ground that the bill for the removal of the administration to the circuit court averred a special equity on account of which appellant was entitled to a removal of the administration without regard to the provision of section 6478. McCraw v. Cooper, 215 Ala. 51, 108 So. 850. The special equity which needs now to be considered was that the decree approving the agreed settlement of the estate of C. J. Cooper—a family settlement in fact, in which, it may be presumed, appellee and the probate court concurred on the notion that therein he was authorized to represent the interests of the heirs and distributees of Roberta, deceased—involving the sale of land which we considered in the first place in this opinion, was, for reasons averred, a nullity, and should be so declared by the court. · Upon this the answer filed by appellee took issue, thus making necessary —so, at least, the parties and the trial court conceived—an adjudication respecting the validity of the decree approving that settlement. And we agree that the issue thus joined between the parties brought before the court in equity for decision the special equity for removal of the administration of Roberta E. Cooper, averred in the bill in this cause, and, whether correctly or incorrectly decided, gave the equity court jurisdiction of the administration and its settlement. The pleadings, without reference to what the proof was or may have been, made a case for the interposition of equity.

 Finally, cross-appellant complains because the court charged him with interest on commissions retained before the court passed an order allowing them. Kenan v. Graham, supra, and Noble v. Jackson, 124 Ala. 312, 26 So. 955, furnish precedents for this ruling. In the case first referred to it was said that:

"This rule, it seems to us, is a wise and conservative one, a disregard of which would tend to tempt the administrator or executor into misconduct in the administration."

In rendering his accounts for partial settlements in 1889 and 1905, appellee claimed commissions on receipts and disbursements up to those dates. But the transcript of the record of the probate court shows no evidence of any order or decree by that court allowing such commissions. Cross-appellant would invoke the doctrine of prescription, based on the lapse of 20 years, after which, in general, it will be presumed that orders

were then made in the probate court allowing the commissions claimed. We would not deny that it was competent for the probate court then to have made such orders, though the contrary rule prevails in some jurisdictions. 11 Am. & Eng. Ency. Law (2d Ed.) 1280. But the doctrine invoked by cross-appellant rests upon the theory that there has been laches on the part of one who, having the right and capacity to draw into question the status asserted against him, neglects or omits to do so for a period of 20 years. Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 6 So. 197, 13 Am. St. Rep. 73. We have shown in our preceding discussion of this appeal· that the neglect, if any there was, must be charged to cross-appellant. It results that the doctrine of prescription can avail cross-appellant nothing, and that this assignment of error must be overruled.

Affirmed on both appeals.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.