200 So. 772

**HALE et al. v. COX et al.**

7 Div. 638.

Supreme Court of Alabama.

Feb. 27, 1941.

Motley & Motley, of Gadsden, for appellants.

O. R. Hood and Roger C. Suttle, both of Gadsden, and Hugh Reed, Sr., of Centre, for appellees.

FOSTER, Justice.

This case comes now from a final decree of the circuit court, in equity, settling the accounts of Della Hale as executrix of Johnson B. Hale, deceased, acting by her administrator, J. B. Hale, Jr. She died April 24, 1937, after her accounts were filed for final settlement on account of the revo- cation of her letters testamentary. She was named executrix without bond in an instrument in form the last will and testa- ment of Johnson B. Hale, her husband, who died November 4, 1925, and she had the will probated in the probate court and letters were issued to her November 24, 1925. She was a second wife, and had six chil- dren, some of whom were minors. Her de- ceased husband had another child surviving him, named Norman Cox,—she having mar- ried a man of that name. She filed a con- test of the will in the circuit court, in equity. The contest was successful, and af- firmed on last appeal. That proceeding was in this Court on three appeals. 217 Ala. 46, 114 So. 465; 222 Ala. 136, 131 So. 233; 231 Ala. 22, 163 So. 335. It was also here on another appeal in which she sought a sale of certain property for division. 233 Ala. 573, 173 So. 82.

After the will was successfully contested, letters testamentary to Della Hale were revoked. Roger Suttle was appointed ad- ministrator, and on the same day petitioned the circuit court, in equity, for a removal of the administration to that court, and such an order was made on that day. On November 1, 1935, Della Hale filed in the circuit court her petition to set off and as- sign to her a homestead and dower in the lands. There was a large amount of land and city property. The minors had reached majority, except two, as shown by an amendment to that petition, and it sought to have the homestead assigned to her and the two minors. There is no question of in- solvency. On July 7, 1936, the homestead was assigned and allotted to them, but no order was made as to her dower claim.

On October 3, 1936, Della Hale filed a report of her acts and doings as such execu- trix, with a statement of her accounts and vouchers showing receipts of $47,645.07, and expenditures of $58,620.38. Exceptions were filed to it, and a decree of reference made and a report on that reference. That report was set aside and vacated on March 18, 1937, and a special register appointed and an order of reference was made to him. He was a lawyer and accountant, and made a comprehensive report which was quite complete and explicit. Exceptions were filed to it, and on these exceptions a decree was rendered, from which this ap- peal was taken. In the meantime Della Hale, the former executrix, died, and an administrator of her estate was appointed, and the cause revived in his name. There-

after the special register was appointed, and made his report as we have stated. The appeal is by him as administrator of Della Hale's estate and her six children.

Among other things the special register reported as follows:

"Whether through carelessness or otherwise, or whether through lack of knowledge, or according to instructions, it appears from testimony and available information, the affairs of the estate of Johnson B. Hale were handled in such a manner to completely disregard the interest of all parties concerned. Other than the pro rata amounts chargeable to her for monies spent in the upkeep of the estate, and for the building of houses, concerning which she had no voice, Norma Hale Cox did not share in any of the benefits of the estate. So far as is known to the special register, all the personal property of the estate has been spent and there remains only real estate from which Mrs. Cox may be able to balance her distributive share with that of the other heirs who have already received benefits of the estate in amounts distributed to them in liquidation thereof. * * *

"Dower rights of Mrs. Della Hale have not been ascertained. The court did not set aside her dower during her life and the special register, therefore, is of the belief that according to general principles of law, dower rights or interests abate upon the death of the individual entitled to same. Because of this fact, the supplemental order or decree issued June 29, 1939, paragraph K, has not been followed nor has the claim in Mrs. Della Hale's settlement, item 22, been considered. The same is true of the exemption of $1,000.00 mentioned in the said paragraph K, and as was claimed by item 21 in the settlement filed by Mrs. Della Hale. * * *

"The item of attorney's fees has been ignored for two reasons. Primarily, the court did not specifically order the special register to ascertain the correct amount of legal fees, nor how they should be charged against the heirs. However, the question of legal fees would affect the distribution of assets of the estate, if they were taken into consideration and therefore, the special register believes that the question deserves comment here.

"The claim for fees on the part of counsel for Mrs. Della Hale and all the Hale children except Mrs. Norma Cox is a matter which should be determined as between counsel and said parties, and such claim is not a proper claim against the estate of Johnson B. Hale. * * *

"It has been stated that disbursements were not supported by proper vouchers and the total amount is correct so far as the special register has knowledge. Disbursements were handled in an extremely poor manner and the exact amount of same cannot be ascertained. Where it was not possible to determine from the face of the check, or any other information available, for whom the disbursement was made, it was charged to Mrs. Della Hale."

The court overruled all exceptions to the report, except numbers 15 and 21, and made final disposition of the cause. Exception No. 15, which related to the denial of the claim of $1,000 personal property exemption as a disbursement, was sustained by the court, which held that she should be allowed this credit, but further found and held that as the report shows she was properly chargeable with a balance of $6,704.82 on such settlement, said amount would serve only to reduce that figure.

The court also sustained exception No. 21, so as to allow an attorneys' fee to the attorneys of Della Hale in the sum of $1,100 for unsuccessfully resisting the contest of the will. It also allowed them an additional fee of $3,900, but directed that it be charged equally to the shares of the six children of Della Hale, and thereby that no part be chargeable to Norma Cox.

Sustaining those exceptions did not change the final figures, except in so far as the amount of the personal liability of Della Hale was concerned.

■ The assignments of error are each based upon an exception to the report of the register. The first six of them are to the report as a whole for various reasons assigned. See, also, assignment No. 32. None of them is of substantial merit in our opinion. Questions of law are sometimes so mixed up with the fact to be ascertained that it is not improper for the register to express an opinion of the law as a basis for the particular finding. Sims Chancery Practice, section 594; 19 Amer. Jur. 254, section 370.

■ A reference is to aid the judge, and he may proceed with or without a reference, or after a reference adopt as much as he sees fit, or set it aside and act on his own judgment. De Moville v. Merchants &

Farmers Bank, 237 Ala. 347 (13 and 14), 186 So. 704; Dudley v. Colonial Lumber Co., 223 Ala. 533, 137 So. 429; Sims Chancery Practice, section 598.

When the register expresses his judgment on legal questions, and his findings are based on such judgment, the court will weigh his findings on that basis, without necessarily setting aside the entire report. Such report of the register to that extent is of course not entitled to the legal weight that ordinarily attaches to it. O'Rear v. O'Rear, 227 Ala. 403 (11), 150 So. 502; 19 Amer.Jur. 255, section 371; 23 R.C.L. 298, section 18. And in respect to his report on matters not submitted to him, the court may disregard such feature of the report (Abney v. Abney, 182 Ala. 213 [8], 62 So. 64), or use it as an aid to his own judgment. De Moville v. Merchants & Farmers Bank, supra.

On this hearing the court evidently acted on his own interpretation of the law though different in some respects from that stated by the register. There is nothing prejudicial to appellant in pursuing that course, subject to review by this Court as to those legal conclusions.

## Assignment No. 14.

Among the items of credit claimed by the executrix was No. 22, "one-third amount received from rent on real estate as her dower interest in said rents and income from land—$7,933.14." It was agreed on the examination of the witnesses that the correct amount should be $6,120, but it was not agreed that she was entitled to any credit on this account. The register reported as we have shown. The court had a like view. This was embraced in exception No. 16 to the report, and presents a question of law.

The dower right of the widow was not set aside during her lifetime. She filed her petition to have this done, but it was not acted on. The legal question is whether she is entitled to one-third of the income from lands in which she has a dower right but no dower assigned, and also her quarantine rights allowed by section 7437, Code.

Quarantine is an incident of dower. Both rights perish with the death of the widow. She had the right to the mesne profits or rents from the homestead and plantation connected therewith, regardless of its area, or to use it herself until dower should be assigned. Her death terminated her right to recover land as dower, and no such right is transmissible. But all income which had been derived from the use of the homestead and plantation, or which was due at her death, was descendable. Clancy v. Stephens, 92 Ala. 577, 9 So. 522, 524; Tillman v. Spann, 68 Ala. 102; Boynton v. Sawyer, 35 Ala. 497.

Before the dower is assigned, and during her lifetime, that status continues. If she or the heirs at law wish to change it they may do so by causing an assignment of dower. Bowdoin v. Bowdoin, 225 Ala. 618, 144 So. 819; Doe ex dem. Shelton v. Carrol, 16 Ala. 148; Lynch v. Jackson, 235 Ala. 90, 177 So. 347. But her quarantine rights do not supersede her dower rights. Before dower is assigned, she has no standing at law to a share of the rents on lands in which she has such right. Bettis v. McNider, 137 Ala. 588, 34 So. 813, 97 Am.St.Rep. 59. But such right is available in equity, after the dower has been assigned, extending back to the date of the death of her husband. Slatter v. Meek, 35 Ala. 528; Perrine's Ex'rs v. Perrine, 35 Ala. 644; Waters v. Williams, 38 Ala. 680; McAllister's Ex'r v. McAllister, 37 Ala. 484; Boyd v. Hunter, 44 Ala. 705; Wood v. Morgan, 56 Ala. 397.

But the crucial question here is whether she may in equity recover or appropriate one-third of the rents of land in which she has an intangible dower right, when she died before dower was assigned. See 17 Amer.Jur. 706, section 52. We do not seem to have a case directly in point. In all our cases when the question of rents was involved dower was assigned during her lifetime. And in Bettis v. McNider, supra, it is said that after dower is assigned her seizin relates back to the death of her husband, and she is then in contemplation of law the immediate successor in title of her husband to that which was thus assigned to her. On that theory equity will award her rents and profits, because by such assignment her right as a life tenant immediately succeeded that of the husband on his death. 17 Amer.Jur. 707, section 53. But when no dower was assigned before she died, she never became vested of such title and never at any time became owner of a tangible interest in specific land, nor a tenant in common with the heirs. Upshaw v. Upshaw, 180 Ala. 204, 60 So. 804; Martin v. Evans, 163 Ala. 657, 50 So. 997; Francis v.

Sandlin, 150 Ala. 583, 43 So. 829; Saltmarsh v. Smith, 32 Ala. 404.

The statute does not in terms confer on the widow a share of the rents and profits in the land of which she may be dowable. The only theory on which equity will award her such rents for a period prior to the time when the dower is assigned is that she thereby has become the owner of that so assigned, as of the date of her husband's death. Being the owner, the right to rents is an incident. But before assignment her right is intangible and in action (19 Corpus Juris 531, note 25), not subject to execution, the payment of taxes, to sale and conveyance, or other incidents of ownership. Francis v. Sandlin, supra; Saltmarsh v. Smith, supra.

Either she or the heirs may have dower assigned and thereby quicken the right into a tangible asset. But they may be all satisfied for the widow to have only her quarantine rights in lieu of dower, allowing that right to remain intangible as long as she lives. True, she filed a petition for dower and homestead; but only homestead was set apart, no dower.

We think the principle on which it is founded does not support the claim of appellant since it is dependent upon a status which never arose. We therefore declare the rule for this State to be that unless dower is set apart to the widow in her lifetime neither she nor her personal representative is ever entitled to rents and profits of land in which she may have been dowable, except that which accrued from her quarantine rights (Reeves v. Brooks, 80 Ala. 26); that as soon as dower may be assigned in her lifetime her right in the part included in the assignment vests in her as of the date of the death of her husband. From then until the date of assignment she has thereby acquired an equitable right in the net rents and profits, equal to a proper proportionate share of it all. After the date of the assignment, the right to the use, income and profits on that which is assigned becomes legal and vested, enforceable at law if need be.

There was no error in overruling this exception to the report.

### Assignment No. 16.

This relates to exception No. 19 to the register's report, wherein no commissions were allowed Della Hale as executrix serving under appointment in the will which was later vacated on contest.

The will by virtue of which she received letters testamentary provided that the widow should be executrix without bond, and without any duty to make reports or to file accounts and vouchers, but should direct and control the estate and pay out monies and the personal effects to any of the children named (not including Mrs. Cox), and directed that the real estate be kept together until the death of the wife and his youngest son shall arrive at the age of twenty-one years. The will bequeathed all property to the widow and her six children, except the house he had given Mrs. Cox inter vivos.

During the time Della Hale, the widow, was executrix, before her letters were revoked resulting from the annulment of the will, she acted under the broad powers of the will, evidently expecting not to be held accountable at any time, and as though she was the beneficial owner, or had full power of disposition of the property. She carried on the family expense, education of the children and maintenance of the family in a manner which she evidently thought was proper, keeping no systematic accounts and vouchers. All of this was more in the execution of the trust attached to her duties as executrix than to the duties which properly pertain to the administration of an estate. Ex parte Dickson, 64 Ala. 188; Pinney v. Werborn, 72 Ala. 58; Hinson v. Williamson, 74 Ala. 180.

When a will is propounded for probate and a contest is filed, it is not unusual to appoint an administrator ad colligendum, as authorized by section 5748, Code. When the contest is successful, and an administrator with full authority is appointed, the temporary administrator must file his accounts and make settlement as such. Section 5751, Code.

When such special administrator is the person named in the contested will as executor, and the one who propounded the will for probate, on settlement of his accounts if he has acted in good faith, the court may allow him his reasonable expenses in such contest "unless the court in its sound judicial discretion * * * finds that it would be inequitable and unjust to allow it out of the estate." Mitchell v. Parker, 227 Ala. 676, 151 So. 842, 843; see, 21 Amer.Jur. 693, section 554.

In Turley v. Hazelwood, 234 Ala. 186, 174 So. 616, the will was probated, but its force and effect were vacated in equity as being contrary to a valid contract by which decedent's property was disposed of at his

death. The executor made account for his acts and doings as such. We held that his attitude was as favorable as that of a special statutory administrator under section 5748, Code, and he was allowed credit for such expenses. This included attorneys' fees in unsuccessfully fighting an attack on the will or its force and effect, and in making settlement of his administration and advice necessary in the course of his administration. The chancery court was held authorized to allow the executor to pay and take credit for all proper items of such expense.

In so far as Della Hale was only the executrix of the will, not exercising the trust functions conferred on her, she was very much in the attitude of the executor in the case of Turley v. Hazelwood, supra. But in so far as she was acting under the trust authority which the will attached to her duties as executrix, she was in a different attitude. As soon as the contest of the will was filed, she was bound to take notice of the contention made in it, and that it may be successful, as it turned out to be. She was therefore put upon notice that any act of hers which depended for its authority upon the special provisions of the will would in that event be without justification, except upon some general rule of law applicable to the circumstances. She also was put upon notice that a successful contest would result in the revocation of her letters testamentary, and thereby also subject her to such accountability as that circumstance justified. So that her attitude was in one aspect similar to that of a special statutory administrator, whose general duties were to collect and hold the assets until the further orders of the court, and make due account on settlement at the termination of such authority. See sections 5749, 5750, Code; 21 Amer.Jur. 659, section 497, page 672, section 518, page 836, section 823.

 A special administrator is as a general rule entitled to compensation for his services. 21 Amer.Jur. 836, section 817. Our statute which provides for a special administrator does not make any enactment as to his compensation. But certainly the maximum features of section 5923, Code, have application. This Code section makes the allowance a matter of judicial determination. As here applied, whether compensation shall be allowed her at all as well as its amount appeals to judicial determination, not controlled by statute or other rule marking and defining it.

 But when a person undertakes to deal with the assets of a deceased person pursuant to the trust features of a will and such conduct, upon a contest of that right thus to act, has been determined by due authority to be unfounded in law, his relation to that situation is similar to what it would have been had there been no color of authority, except in so far as good faith may affect the question. We see no reason why the doctrine which applies to trustees in invitum or de son tort should not have effect. Moody v. Bibb, 50 Ala. 245; Houston v. Farris, 93 Ala. 587, 589, 11 So. 330.

We have held that a person so accountable is not entitled to compensation for so acting from the person to whom he is so accountable. Lowery v. Lowery, 225 Ala. 376, 143 So. 556; see 65 Corpus Juris 931, section 841. But he is protected to the extent that he applies decedent's property to purposes to which it would have been applied if the administration had been with due authority. Blair v. Brooks, 234 Ala. 129, 173 So. 851; 65 Corpus Juris 638, section 506.

 And when the acts and doings of Della Hale, the trustee in invitum or de son tort, are so inseparably blended and commingled with her executorial duties that they cannot be distinguished, and when all such conduct has been consistently opposed to the interests of Norma Hale Cox, the stepchild of the executrix, but heir of decedent, who through all the period of its existence received no substantial benefits from her father's large estate on account of the acts of this executrix, our conclusion is in accord with that of the trial court that no such compensation should be chargeable against her share in the estate.

The right to compensation and expenses incidental to her acts in administering the estate and the trust should not be made a charge on her share if we find that it would be inequitable and unjust to do so. See Mitchell v. Parker, supra. We think it would be inequitable and unjust to do so in the situation here shown. We therefore find no error in the decree on this account.

## Assignment No. 34.

 The foregoing discussion equally applies to her attorneys' fees. The trial court allowed her $1,100 attorneys' fees for unsuccessfully resisting the contest. The balance of the claim for attorneys' fees was held by the trial court to be

chargeable to the shares of the six children for whose interest the attorneys' services pertained either directly or indirectly. An attorney's fee for making final settlement was inseparably connected with the accounting of the trust, which was vacated, and as to which no fee is chargeable on settlement.

We think the allowance for resisting the contest is as much as should have been made a charge against the estate generally, in accordance with the principles which we have discussed, and the authorities above cited. See, also, Keith & Wilkinson v. Forsythe, 227 Ala. 555, 151 So. 60; Hall v. Whitfield, 236 Ala. 659, 184 So. 689.

### Assignments No. 31, 37 and 38.

For like reason the costs of court incidental to the various aspects of this litigation which were unsuccessful were properly chargeable to the shares of those in whose interests the litigation was conducted.

### Assignments 7, 8, 9, 10, 11, 12, 13, 17, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 30, 32, 33, 35, 39, 40, 41 and 42.

These are several items of receipt charged to the executrix. Appellant has noted no evidence which shows that these are improper charges. The burden is on him on the hearing of his exceptions to show the error of the register, and specifically point out the evidence to support his contention. This has not been done. Mahone v. Williams, 39 Ala. 202; Cone v. Barganier, 218 Ala. 292 (10), 118 So. 342; McCraw v. Cooper, 218 Ala. 186 (1), 118 So. 333; Section 6598, Code; Rule 93 Chancery Practice.

### Assignments 12 and 25.

The best we can get out of this is that executrix loaned $1,000 of monies of the estate without authority: that the special register charged it all to her, whereas by an agreement of counsel shown on page 151 of the record $600 of this was repaid and there should be charged only $400. According to that situation, she was due a credit against the balance charged to her of $600. It will be so ordered.

We have considered and disposed of all the assignments of error argued in brief. Many of them were not argued in the manner required by the rules, but we looked into them all.

In the final decree a judgment was rendered against J. B. Hale as administrator of the estate of Della Hale, deceased, in the sum of $5,704.82 on account of a balance due by her as executrix of the will of Johnson B. Hale, deceased, in favor of Roger C. Suttle, the administrator of said estate. We think this amount should be reduced by $600 on account of assignments 12 and 25, discussed above. The amount of the judgment should be $5,104.82, and it is here so modified.

As thus modified, the decree is affirmed. The cost of this appeal is taxed equally to appellants and appellee Roger C. Suttle, as administrator.

Modified and affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.