## WHITLOCK'S ADM'R *vs.* WHITLOCK'S CREDITORS.

1. A void execution having been levied on the defendant's goods after his death, the sheriff sold them, and paid over the proceeds to the plaintiff in execution, and afterwards, by virtue of his office as sheriff, became administrator *de bonis non* of the defendant's estate, which was declared insolvent: *Held*, that he was chargeable, on final settlement with the creditors, with the amount for which the goods sold.

APPEAL from the Court of Probate of Limestone.

ON the final settlement of the estate of Achilles Whitlock, deceased, which had been declared insolvent, the creditors moved the court to charge the administrator *de bonis non* with the value and amount of certain goods, which had been sold by him under the following circumstances: A judgment having been rendered against said Whitlock in his life-time, an execution was issued thereon on the 29th of April, 1846, which was returned "no property found." Whitlock died on the 9th day of February, 1847, and on the 8th day of March thereafter another execution was issued on the judgment, which was levied by the sheriff on certain goods found on said Whitlock's premises, and in his possession at the time of his death. These goods were sold by the sheriff on the 22d day of March and 24th day of April, and the proceeds of sale were paid over by him to the plaintiff in execution on the 6th and 24th days of April, without notice or objection from any person. One Allen McCargo qualified as administrator of Whitlock's estate on the 15th day of February, 1847, and resigned on the 3rd day of April following, having done nothing towards the collection of the assets of the estate; and afterwards, on the 29th day of May, 1847, the administration of the estate was committed to the said sheriff. On this state of facts the court charged the administrator with the proceeds of said sale, and interest thereon; to which ruling of the court he excepted, and which he now assigns for error.

LUKE PRYOR, for the appellant.
WM. H. WALKER, *contra*.

GOLDTHWAITE, J.—The execution which was issued on the 8th day of March, 1847, was void, Whitlock having died in February previous, and more than a term having elapsed since any execution had been sued out.—Collingsworth v. Horn, 4 S. & P. 237; Holloway v. Johnson, 7 Ala. 660; Henderson v. Gandy, 11 *ib.* 431. The sheriff who levied the execution was consequently liable to Whitlock's administrator, who was in law the owner of the property, in trespass; or, as he had sold the goods, and received the money,—the administrator could have waived the trespass, and recovered the amount of the sale (Upchurch v. Norsworthy, 15 Ala. 705); and when the sheriff became administrator, as he had not been charged, the liability still continued. He was a debtor to the estate for the amount for which the goods sold, and, as he could not bring an action against himself, he was properly chargeable with the amount due from him, at the instance of the creditors, on final settlement.—Purdom v. Tipton, 9 Ala. 914.

Judgment affirmed.