## Breitling's Administrators *v.* Clarke & Co.

*Bill in Equity for Specific Performance of Contract for Sale of Lands, and Injunction of Action at Law.*

*Extinguishment and presumed payment of debt from executor to testator's estate; specific performance of contract for sale of lands; vendor's lien for unpaid purchase money.* — Where a father sold land to his son, giving bond for title on payment of the purchase money, and died before all the purchase money was paid; and the son qualified as his executor, and gave bond with the other adult legatees and distributees as his sureties; and afterwards sold the land, receiving full payment of the purchase money from his vendee; and, on final settlement of his accounts as executor, was charged with the unpaid balance due on his notes for the purchase money; and executions on this decree, against him and his sureties, were returned only partially satisfied; and the administrators *de bonis non* of the father's estate having brought ejectment for the land, the purchaser filed his bill in equity, asking an injunction of the action at law, and a specific performance of the contract between father and son, — *held*, 1st, that the executor's debt to the estate was extinguished, so far as the rights and interests of the sureties on his bond were concerned, but not as against the other legatees and distributees; 2d, that the legatees and distributees who were not sureties on his bond had a lien on the land, to the extent of their distributive shares of the unpaid balance of the purchase money due from the executor to his father's estate; and, 3d, that the purchaser from said executor, on paying the balance due to them, was entitled to an injunction of the action at law, and to a specific performance of the contract between the executor and his father.

APPEAL from the Chancery Court of Marengo.
Heard before the Hon. A. W. DILLARD.

EUGENE McCAA, for appellants.

P. HAMILTON & J. T. JONES, *contra.*

B. F. SAFFOLD, J. — The appellees filed their bill to enjoin the appellants, administrators with the will annexed of Gotlieb Breitling, from prosecuting an action of ejectment against them, for the recovery of lands which had belonged to the decedent; and to obtain the specific performance of a contract for the sale of the lands, made between the testator and

his son, Alfred Breitling, whose right they had acquired. The heirs-at-law and devisees of the decedent were also made parties defendant. The material facts, which were either admitted or established by proof, may be briefly stated as follows : On the 1st of August, 1859, Gotlieb Breitling sold the lands in question to his son Alfred, in consideration of $7,000. A portion of the purchase money was paid at the time, and so acknowledged. The remainder was made payable in three equal annual instalments, for each of which a promissory note was taken. The vendor executed at the time a bond for titles in usual form, except a stipulation that, " in case of failure of payment of said notes by said Alfred Breitling, his heirs, executors, or administrators, the peaceable possession of the above described property, and every part and parcel thereof, shall be surrendered to me, or to my heirs, or to my legal representatives." Gotlieb Breitling died in November, 1861, leaving a will, in which he appointed Alfred Breitling one of his executors. He qualified as such, with Samuel Breitling, also named, in January, 1862. They were removed from office in January, 1869, and settled their accounts in March of the same year. On this settlement, the notes above mentioned were charged against them as executors, and constituted a part of a decree for more than $23,000, rendered against them in the Probate Court. All of the adult devisees of the will, and the widow of the testator, were sureties on the bond of the said executors. The appellant administrators were afterwards appointed, and have collected a considerable amount of the decree, but not all. Executions against the former executors and their sureties have been returned " no property ; " but the estate of the testator is solvent. The complainants are purchasers from Alfred Breitling, and hold his deed, having paid to him the purchase money. Some of the distributees of Gotlieb Breitling's estate are not sureties on the administration bond of the executors.

1. It is well settled in this State that the individual indebtedness to an estate of one who afterwards becomes its administrator, is chargeable to him in his representative capacity, on the ground of presumed payment, from the inability of a person to sue himself, or the absence of any necessity for so doing. This is so, without reference to the insolvency of the administrator, and the harsh and unjust consequences to his sureties. *Whitworth's Distr.* v. *Oliver,* 39 Ala. 286 ; *Whitlock* v. *Whitlock,* 25 Ala. 543 ; *Bogle* v. *Bogle,* 23 Ala. 544 ; *Purdom* v. *Tipton,* 9 Ala. 914. In this case, Alfred Breitling's indebtedness to his father's estate, on account of this land, was charged to him as executor, and executions against him and his sureties have been returned with partial satisfaction. There is not so much severity in this application of the rule, as he undoubt-

edly was able by due diligence to have devoted the land to the payment of the debt.

2. The complainants have entitled themselves to a specific performance of the contract, to some extent. They are in possession, and a large portion of the purchase money has been paid. *Brewer* v. *Brewer & Logan*, 19 Ala. 481; *Cumming's Heirs* v. *Gill's Heirs*, 6 Ala. 562 ; *Hayes* v. *Hall*, 4 Port. 375 ; *Meredith* v. *Naish*, 3 Stew. 207.

3. The estate of G. Breitling is solvent, and therefore the ejectment suit of the administrators, if successful, would enure to the benefit of the legatees. The most of these legatees, as sureties on the executor's bond, are liable to pay the balance of the purchase money. If they were parties to the ejectment suit, they could not recover, on the ground that their interest in the land, at least, had been paid for. But those distributees who are not sureties, have a claim upon this property for the payment of whatever may be yet due of the purchase money. The vendor's lien, for instance, is not released without payment, or the consent of the parties. However liable for, and chargeable with, Alfred Breitling's individual debt, he, as executor, and his sureties, may be, it cannot be held that the portion of the debt which cannot be recovered out of them is extinguished by the presumed payment, to the release of any other security held for its payment. If another had been jointly liable with him on his purchase, who did not become executor, and was abundantly able to pay, it could scarcely be claimed that he was released by the presumed payment. Yet he would be, if there was a legal payment. The distributees who are not entangled in the transactions cannot be divested of the legal title which is in them, without some provision for the payment of their demands. The suggestion of the chancellor, that they may be compensated by taking from the shares of the distributees who are sureties, on the distribution of their ancestor's estate, may not be practicable. The latter may have aliened their interest, or consumed or incumbered it. We cannot remit them to that chance, without hearing them on it. The present bill does not ask it. The question is not in issue now.

But we see no good reason why the complainants may not have their injunction perpetuated, and a specific performance decreed, on payment of the balance due on the land. Perhaps their right might go farther, and subject the distributive shares of the surety distributees, in the hands of the administrators, to the payment of the balance, if no other person's right or equity intervenes. Possibly, the administrators might be required to make a deed to the complainants, which should contain the reservation of a lien in favor of the unembarrassed

[Fennell v. Tucker.]

legatees, for what may be due them on the final settlement of their father's estate. If they deem any expedient of the kind suggested desirable and legitimate, they should be allowed to amend their bill accordingly. All we mean to say now is, that some of the distributee defendants are shown to have a lien on the land in question for an unpaid balance of the purchase money due from Alfred Breitling, that cannot be divested out of them to the extent decreed by the chancellor.

The decree is reversed, and the cause remanded.