# Howard *et al. v.* Rutherford.

## *Final Settlement of Estate.*

(Decided Feb. 5th, 1907.   43 So. Rep. 30.)

1. *Administrators; Account; Form.*—The statement of an administrator's account should not embrace charges against the distributees on their distributive shares. Such account should state the debits and credits regardless of the distributees shares, and after the ascertainment of the distributive share of each, the advancement made them should be charged against the distributive share of each.

2. *Same.*—Although the account was irregular in form, if the distributees of the estate have received all they are entitled to under a final distributive decree, they are not prejudiced by such irregularities.

3. *Same; Statement of Account.*—The court in stating the account made annual stops, crediting the administrator with the current expenses of administration, and charging him with interest at eight per cent on the dollar until the settlement, and in the calculation, deducted from the share of each distributee the advancement made to each during the particular year and charging the administrator with interest on the balance from the annual stops so made. Held, not prejudicial to the distributees.

4. *Same; Credits; Taxes.*—An administrator is properly credited with State and county taxes assessed against the estate and paid by the administrator.

5. *Same; Distribution; Charges; Board of Distributees.*—Under Sections 227 and 239, Code of 1896, the charges for board against the distributees were properly allowed the administra-

[Howard, et al. v. Rutherford.]

tor on final settlement and distribution against their distribu-
tive shares.

6. *Same; Costs; Attorneys Fees; Guardian Ad litem.*—An administrator is properly allowed attorney's fees, guardian ad litem fees and costs on a settlement of his account.

APPEAL from Elmore Probate Court.

Heard before Hon. H. J. LANCASTER.

Judicial account by Frank Rutherford, as administrator, etc., to which Genelia Howard and others filed objections. From a decree allowing the account, objector appeal. Affirmed.

This is an appeal from the statement of account for final settlement of the administrator and from the judgment of the probate court passing the account and discharging the administrator. The distributees filed a contest, which, with the account and vouchers, is fully set out in the record, but not necessary to be here set out, as the errors assigned are sufficiently stated and discussed in the opinion of the court.

FRANK W. LULL, and E. S. THIGPEN, for appellant. —The administrator asked credit against the estate for amounts paid by him to the distributees. This could only be charged to the distributees after the share of each had been ascertained.—*Dickie v. Dickie,* 80 Ala. 57. The court should have stated an account and passed it as stated.—Sec. 215, Code 1896; *Dickie v. Dickie, supra.* The administrator should have been charged with full interest after August 3, 1898.—*May v. Green,* 75 Ala. 162; *Eubanks v. Clark,* 78 Ala. 73; *Johnson v. Hollifield,* 82 Ala. 130; *American Mortgage Co. v. Boyd,* 92 Ala. 143; *Englehart v. Young,* 76 Ala. 534. The board of Mrs. Howard should not have been allowed as a credit to the administrator and charged to her distributive share.—*Wright v. Wright,* 64 Ala. 88; 11 A. & E. Enc. of Law, 1172.

HOLLY & McMORRIS, for appelle.—The motion to charge administrator with interest on the full amount of money in his hands from August 3, 1898, was properly overruled. The court properly stated the account as to

the minor.—*Ivey, et al. v. Coleman,* 42 Ala. 409  Where there is delay in making a final settlement the administrator is chargeable with interest not as a penalty but on the presumption that they could be made interest bearing and he is not liable for interest on a reasonable sum retained for meeting expenses.—*Noble v. Jackson,* 124 Ala. 311; 18 Cyc. 261.  His costs and commissions on final settlement should be deducted before interest is charged.—18 Cyc. 263.  It is proper to make annual rests and the administrator is not chargeable with interest on the expenditures for the annual period. —*Powell v. Powell,* 10 Ala. 900; 7 A. & E. Enc. of Law (1st Ed.) 429; 18 Cyc. 263.  The measure of damages suffered by the distributees for delay in making final settlement is the interest on the money.—*Clark v. Knox,* 70 Ala. 607.  Necessary expenses of minor distributees should be paid by the administrator.—Sec. 227, Code 1896.  There was evidence of a contract between Howard and this administrator that she should pay board and it should be allowed.—Sec. 239, Code 1896.  Attorney's fees for the guardian ad litem and the guardian ad litem's fees are proper charges against the distributive shares of the minor.—*Pinckard v. Pinckard,* 24 Ala. 250.

DOWDELL, J.—The appeal in this case is taken from the decree of the probate court on final settlement by the administrator, and is prosecuted by the two distributees of the estate; they being the only distributees and equally interested in the estate.

There can be no question that the form of the settlement of the account by the administrator was irregular. The statement of account between the administartor and the estate should not have embraced charges against the distributees on their distributive shares.  Such charges should have been made and allowed the administrator against the distributive share after ascertainment of the distributive share of each distributee in the settlement of the estate.—*Dickie v. Dickie,* 80 Ala. 57. But if, in the statement of account and the calculations made by the court, although irregular in form, the dis-

tributees received under the final decree their full distributive shares, and all which they were entitled to receive, as such distributees, no injury resulted, and hence no reversible error was committed.

The court, in its statement of the account, made annual stops and rests, crediting the administrator with current expenses of administration, and charging him with interest at 8 per cent. on the balance from year to year to date of final settlement, although the usual exculpatory affidavit was made. In this there is nothing of which the appellants can complain. The court in its calculations, in order to ascertain the amount due the distributees on the final settlement, deducted from the share of each distributee the allowances and advancements made by the administrator to each distributee during the particular year, and charged the administrator with interest on the balance from the stop or rest so made. In this we fail to see that injury resulted to the distributees.

There was no error in crediting the administrator's account with the state and county taxes paid by him, assessed against the estate.

The evidence on the question of board charged by the administrator against the distributees was conflicting. The testimony was taken ore tenus. The court had the witnesses before it. The evidence very clearly showed that there was an understanding and agreement between the widow, Mrs. Genella Howard, and the administrator, that the latter would charge the former board, though the amount was not stated. The evidence of the witnesses varied as to what was a reasonable charge. Some placed it as high as $10 to $12 a month, while others placed it as low as $5. From all of the evidence the court fixed $7 a month as a reasonable charge. Some of the witnesses placed it at this amount, and we are not prepared to differ from the court in its conclusion. Under sections 227 and 239 of the Code of 1896, the item of board against the distributees were properly allowed against their distributive shares on the final settlement and distribution by the administrator.

[Babcock v. Reeves.]

We have carefully considered the evidence, and we are not prepared to say that the court was wrong in its

conclusions of fact from the evidence, in the allowance of certain items of credit that were disputed, and as to which there was a conflict in the testimony. The items of costs, attorney's fees, and guardian ad litem fees were properly apportioned and allowed.

We see no reason for disturbing the decree of the probate court, and the same will be here affirmed .

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.