(93 South. 415)

**SAMS v. BYARS.  (6 Div. 667.)**

(Supreme Court of Alabama.  May 11, 1922.)

Executors and administrators ⬤➪510(11)—Reviewing court will not disturb trial court's conclusion on conflicting evidence.

The Supreme Court, in reviewing objection to account of administrator d. b. n., will not disturb the conclusion of the probate court, sitting without a jury, on conflicting evidence, partly ore tenus, concerning the genuineness of a receipt, unless contrary to the great weight of the evidence.

Appeal from Probate Court, Jefferson County; J. P. Stiles, Judge.

From a decree of the probate court, allowing final settlement of H. M. Byars, administrator de bonis non of the estate of Nathan Sams, deceased, Sylvia Sams appeals. Affirmed.

Nathan Sams died intestate, leaving property consisting of a claim for damages for his wrongful death. Sylvia Sams, widow and sole heir of intestate, was appointed administratrix of his estate. Later appellee, H. M. Byars, petitioned for and was granted letters as administrator de bonis non. Among the items of credit in the final settlement were $1,500, cash paid to Sylvia Sams May 21, 1920, and a total of $74 as commission allowed to the administrator.

Sylvia Sams objected to the settlement, questioning the propriety of commission allowed the administrator, and denying receipt of said $1,500. The voucher submitted with the settlement, execution of which is denied by appellant, reads:

"May 21, 1920.
"Received of H. M. Byars, administrator de bonis non of the estate of Nathan Sams, deceased, fifteen hundred dollars. Sylvia X Sams, Widow of Nathan Sams, deceased. Witness: Nicholas Lallas.  J. M. Hanby."

(her mark)

William C. Smithson, of Bessemer, for appellant.

The burden of proof was upon the administrator to show payment of the $1,500 to appellant, same having been disputed; and parties having elected to choose the witnesses to the alleged receipt, the execution thereof must be proved by said witnesses. 18 Ala. 29; 22 C. J. 935; (Ala.) 39 South. 771; 114 Ala. 480, 21 South. 997.

Pinkney Scott, of Bessemer, for appellee.

The administrator was properly allowed credit for the $1,500 paid to Sylvia Sams. Code 1907, § 2722; 121 Ala. 598, 25 South. 825.

ANDERSON, C. J.  This appeal involves only one item of the appellee's account, the genuineness of a certain receipt for $1,500, and as to which there was a conflict in the evidence. The evidence was ore tenus, or partly so, and the trial court saw and heard the witnesses, and its conclusion was like unto the verdict of a jury, and cannot be disturbed by this court, unless contrary to the great weight of evidence. We cannot say that the conclusion of the trial court was contrary to the great weight of the evidence. It is questionable as to whether or not there

⬤➪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

'Is a sufficient insistence in brief of counsel as to the other assignments of error, but, conceding that there is, the trial court committed no error in respect thereto that could justify a reversal of this case.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.