(100 South. 466)

### HINES v. BALDWIN.  (6 Div. 761.)

(Supreme Court of Alabama.  May 22, 1924.)

1. Executors and administrators ⊛504(2)— Mother of decedent interested in estate may contest items of administrator's account.

Under Code 1907, §§ 2678, 3754, 3763, 3765, a mother of one deceased, and heir of her estate, and interested therein, may appear and contest items in administrator's final account.

2. Executors and administrators ⊛506(1)— Burden on administrator to produce proof of correctness to items of account.

Under Code 1907, § 2674, on objections being filed to item of his final account burden is upon administrator to produce satisfactory proof of correctness.

3. Executors and administrators ⊛510(9)— Items of account presumed correctly disallowed where evidence not before appellate court.

Where evidence which court considered in passing upon item in administrator's account is not before appellate court, that court will presume any state of evidence to sustain the order and decree of the trial court.

Appeal from Probate 'Court, Jefferson County; J. P. Stiles, Judge.

On final settlement of his accounts by G. B. Hines, as administrator of the estate of Etta Hines, deceased, Mrs. M. C. Baldwin, an heir at law, objected. From the decree sustaining the objection, the administrator appeals. Affirmed.

William Vaughan, of Birmingham, for appellant.

Counsel argue the point raised, but without citing authorities.

Reese Murray, of Birmingham, for appellee.

No brief reached the Reporter.

MILLER, J.  Etta Hines died intestate. Her husband, G. B. Hines, was appointed administrator of her estate, and she left no children or their descendants. Her father, Dr. C. Baldwin, a mother, Mrs. M. C. Baldwin, and G. B. Hines, the administrator, her husband, are all of her heirs or next of kin. The administrator in his account on final settlement of the estate claimed credit thereon for the sum of $685 claimed to have been paid by him as administrator to Mrs. James Faunce, and filed with the account a voucher therefor in the following words:

"May 15, 1921.
"Received of G. B. Hines as administrator of the estate of Mrs. Etta Hines, deceased, in full amt. diamond rings as per memorandum of agreement bet. Mrs. James Faunce and G. B. Hines.  Paid in full.  $685.00.
"Mrs. J. N. Faunce.
"Witness: Mrs. F. P. Mundy."

Mrs. M. C. Baldwin, mother of the decedent, filed written contest of this item on credit side of the account, and objected thereto its allowance on many grounds, viz. that it is not justly due from the funds of the estate; it is not an item that is properly chargeable to the estate; it is not shown that it was properly presented to the estate, verified by affidavit, within the time allowed by the statute; and other grounds unnecessary to be mentioned.

The court, on the final settlement of the estate, and on the hearing of the written contest of this $685 credit item on the account, disallowed it, and entered a decree disallowing the item as a credit on final settlement. The court on the final settlement rendered a final decree, and within 30 days thereafter G. B. Hines, as administrator of the estate, appealed from this decree, and assigns as error the order of the court refusing to allow him, as administrator, credit for this $685 on his account in his final settlement of the estate.

[1] The mother of the decedent, who is an heir of the estate, interested therein, could appear and contest, as she did, this item of $685 on the credit side of the account. Sections 2678, 3763, 3754, and 3765, Code 1907.

---

[2] When this item of credit was contested and objections were filed to its allowance by the mother, who was interested in the estate, the burden rested on the administrator of the estate when the account on final settlement was audited by the court to produce satisfactory proof of the correctness of this item of $685. Section 2674, Code 1907. And the contestant may examine the administrator or any other witness and may introduce any legal evidence in support of the contest. Section 2678, Code 1907.

There is no bill of exceptions in the record. The decree of the court states on the hearing, in auditing and examining the account and vouchers, and "from consideration of the evidence presented," the account was passed and allowed, but this item of $685 on the credit side thereof was disallowed by the court.

[3] The evidence presented to the court for its consideration in this contest of the $685 credit item is not before us. The court tried this contest on this item without a jury, and the decree states from consideration of the evidence presented this credit item was disallowed. This court will presume any state of evidence from this record to sustain this order and decree of the trial court disallowing this credit of $685 on the contest of it on final settlement of the estate. Lewis Land & L. Co. v Interstate L. Co., 163 Ala. 592, 50 South. 1036; Jones v. Spear, 204 Ala. 402, headnote 1, 85 South. 472; Prude v. Thompson, 201 Ala. 595, 79 South. 21.

It results that we must hold this order and decree of the court free from error and affirm it.

The decree is affirmed.

Affirmed.

ANDERSON, C. J, and SAYRE and GARDNER, JJ., concur.