10 So.2d 289

### PARKS v. PARKS et al.

### 4 Div. 234.

Supreme Court of Alabama.

Oct. 8, 1942.

Rehearing Denied Nov. 12, 1942.

J. C. Fleming, of Elba, and Hill, Hill, Whiting & Rives, of Montgomery, for appellant.

E. C. Orme, of Troy, for appellees.

FOSTER, Justice.

The appellant as administrator of the estate of Maggie W. Parks, deceased, is here making final settlement of the administration. The only assets of the estate consist of the proceeds of the sale of some land for the payment of debts, and its rental value in possession of the administrator. It is the land and the estate involved in the case of Kennedy v. Parks, 217 Ala. 323, 116 So. 161.

The administrator filed his accounts and vouchers and a decree of reference was made, and then another decree of reference. It is the report of the register on the last reference and exceptions to it which are involved in this appeal.

The register on reference charged him with $2,500 as the proceeds of the sale as occurring on October 29, 1928. He became the substituted purchaser, assuming the bid in the sum of $2,500. In a part of the land he had a personal interest in common with decedent, and the $2,500 was found by the court to embrace that interest. He promptly paid the heirs of the estate amounts satisfactory to them, representing their separate shares of the proceeds; with the exception of three, with whom the present controversy exists. The register on reference ascertained that the proper balance for distribution was $1,969.95; that he had not paid out of estate funds Rafe Parks or Ed Parks, respectively, each having a one-tenth interest, and owed the widow and heirs of Rafe Parks, now deceased, and to Ed Parks, $196.99 each; and that he had not paid Julian Carroll Smith his share which was one-third of one-tenth or $65.67.

Appellant excepted to the register's report, raising two questions: (1) That the register did not take into consideration his personal interest in the land and his share of the proceeds on that account. The court sustained this exception, and on that account reduced the respective shares of Rafe's heirs and of Ed to $188.77 each and of Julian Carroll Smith to $62.92. (2) That the register did not allow him credit for advances made by him to Rafe and to Ed, respectively. He made no exception as to Julian Carroll Smith.

The court overruled the exceptions as to Rafe and Ed, and rendered a decree against the appellant as administrator in favor of Rafe's widow and heirs and of Ed for $188.77, respectively. This appeal is directed to the question of whether that aspect of the decree is erroneous. On this point the register reported as follows: "That Ed Parks owns a one-tenth interest in said estate and on contest of items sought to be charged against the interest of said Ed Parks after hearing the testimony offered upon the same, I am of the opinion that none of the items sought to be so charged constitute *funds of the estate* and are not legal charges against the interest of the said Ed Parks. * * * None of the charges made against Rafe Parks *constituted funds distributed by the administrator of the estate,* and are not legal charges against the interest of Mrs. Rafe Parks, Edwin Parks, A. D. Parks and William Parks on this settlement. * * * I have disallowed all credits against the interest of Ed Parks and Rafe Parks, because the administrator testified that there were no assets in the estate other than the lands which were sold, and that the charges sought against them *arose out of transactions which appear to be with him in his individual capacity,* and not in his capacity as administrator of the estate of Maggie W. Parks, deceased, and therefore are not proper charges against said heirs in this settlement." (Italics supplied.)

So that the question here presented arises out of that statement by the register which the court confirmed.

We here again note that the charge against the administrator for the sale of the land was as of October 29, 1928, and for the years 1924, 1925, 1926, 1927 and 1928, he is charged with $100 each, or a total of $500, as rent for its use by him after the death of decedent and before the sale. By the time of the sale he had paid out on the debts and funeral expenses, doctors' bills and for a monument, an amount equal to more than $500. He claimed in his exceptions to the register's report to have advanced Rafe Parks in his lifetime the following sums with an agree-

ment that they should be deducted from his share of the land:

| " 1–29–27 | Check | $ 75.00 |
|---|---|---|
| 2–27–27 | " | 90.00 |
| 5–28–27 | " | 105.00 |
| 11–28–34 | " | 60.00 |
| 11–28–34 | " | 150.00 |
| | | $480.00" |

And to Ed Parks with a like agreement the following items:

| "6–24–25 | Check | $ 90.00 |
|---|---|---|
| 1936 cow and calf | | 50.00 |
| | | $140.00" |

It therefore appears from that claim that appellant advanced to Rafe $270 before the land was sold and at a time when the estate had no assets except the land and $210 to him after the land was sold, and at a time when he as administrator was due Rafe an amount less than that sum as developed on this settlement. And that he advanced to Ed $90 before the land was sold and a cow and calf valued by him at $50 after that time.

■ The principle of law applicable here has been declared for this State to be that when an administrator makes advances to an heir out of his own personal effects in anticipation of being reimbursed out of the proceeds of the sale of land of the estate to be thereafter had, and when the advances were made there was in the estate no personal property out of which they could be treated as a disbursement, his right to have himself reimbursed out of the fund derived from a sale of the land depends upon a contract to that end between the administrator and the heir to whom advances were made. Horton v. Hill, Adm'r, 138 Ala. 625, 36 So. 465. We do not think that when such advances in money are made after the sale, and at a time when he is due to have in hand as administrator the proceeds of sale, it is necessary to have any such agreement, although the money which he actually advances may be his personal funds, which had never been actually transferred to the trust in order to enable him to have credit on settlement with the heir receiving the advances. Dickie v. Dickie, 80 Ala. 57 (3).

■ The court and register did not find that the advances were not made as claimed by the administrator, but held that since the transactions were personal and not as ad-ministrator they are not to be taken into the account. The administrator after the sale, with himself as the substituted pur-chaser, acted in a dual capacity. The law charges him as administrator as though he had so transferred the funds. Whitlock's Adm'r v. Whitlock's Creditors, 25 Ala. 543; Miller v. Irby's Adm'r, 63 Ala. 477; Breitling's Adm'rs v. Clarke, 49 Ala. 450; Whitworth's Distributees v. Oliver, 39 Ala. 286. His payment to the heirs thereafter, whether as administrator or not, should be treated as a payment in respect to the share of such heir in the fund unless it was shown to have been in respect to some oth-er transaction. It is not necessary to have it in the form of an administrative act, if that was its substance. In respect to those advances made prior to the sale, and when the estate had no assets except the land, the right of the administrator to a credit against the heir receiving them depends up-on contract.

■ But there was paid to Rafe $210 by the administrator out of his personal funds after the sale, and at a time when he as ad-ministrator owed Rafe $188.77 as the court has found, as his share of the fund not con-sidering the advances made prior to the sale. No contract is necessary as to that $210. In the absence of a contrary under-standing, it will be applied to the payment of his share of the land fund, though the administrator used his personal money in the transaction. There would be no legal difference whether appellant paid this to Rafe by his personal checks, as he did, or whether he transferred a like amount to his credit as administrator and then gave Rafe checks as administrator. One dollar is as good as another, regardless of its source.

With respect to the alleged advance to Ed of $90 before the sale and a cow and calf after the sale, the register's report in disallowing them does so by virtue of the same principle of law on which he relied and which was confirmed by the court. He did not make a special finding of the facts.

■ But he seems to consider that they would be proper credits but for the princi-ple of law referred to. An examination of the evidence by us supports the con-clusion that the $90 was advanced him by a check, which is in evidence, and the cow and calf delivered to him, both with the agreement that they should be charged to his interest in the land when sold. There is evidence of other claims of advances

made to Ed, but they do not appear in the exceptions to the register's report involved on this appeal. Upon the basis of that agreement, we see no reason to disallow those two credits aggregating $140. So that the amount due Ed should be reduced by that amount.

It results that the decree of the court should be and is here modified so as to eliminate that feature of it which renders a judgment in favor of Mrs. Rafe Parks, Edwin Parks, A. D. Parks and William Parks, as the widow and heirs of Rafe Parks, deceased, and to modify the judgment in favor of Ed Parks so as to fix the same at $48.77. As thus modified, the decree is affirmed with costs of appeal taxed against appellees, other that Julian Carroll Smith.

Modified and affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.