TORBERT, Chief Justice.
This is an appeal from an order of the Probate Court of Mobile County awarding $128,270.79 to the estate of Julian Charles Mason, Sr., against Mary Mason, adminis-tratrix of the estate, and her surety, American States Insurance Company. This appeal was taken by the surety, American States Insurance Company, and is not joined by the administratrix.
Julian Charles Mason, Sr., died intestate on November 11, 1980, and was survived by his wife, Mary Mason, and four children — Kathy Copeland, Mary Ann Drin-kard, Julian Charles Mason, Jr., and C.P. Mason III. The decedent’s estate consisted of a wrecking yard located in Kushla, Alabama, and a lot located in Citronelle, Alabama. The decedent’s real property located in Mississippi is outside the settlement of his Alabama estate.
Letters of administration were granted to Mrs. Mason on January 29, 1981; however, she did not file a petition and account for final settlement until December 26, 1985, after being compelled to do so upon motions of the heirs-at-law. The issues raised and disputed in this action focus primarily on the business income of the wrecking yard, which the administratrix continued to operate after Mr. Mason’s death on November 11, 1980, until about September 1984.
The probate court found that the admin-istratrix received assets of the estate total-ling $322,777.77; that the administratrix was entitled to credit against the estate in the amounts of $65,000.00 for personal funds contributed to the estate, $109,455.36 for funds paid in satisfaction of estate expenses, and $20,051.62 for distributions of estate funds to the four distributees; and that a balance of $128,270.79 was due the estate from Mrs. Mason as administratrix and her surety, American States Insurance Company. It is from this decision that American States Insurance Company appeals.
The appeal of this case presents two issues for determination. First, whether the probate court erred in finding a balance of $128,270.79 due the estate from the ad-ministratrix and her surety; and second, whether the probate court erred in failing to find the appellees estopped from complaining that the administratrix mismanaged the estate and failed to report business income of the estate, considering that the appellees had shared in such income.
Code 1975, § 43-2-500, provides as follows:
“Every executor or administrator must make annual settlements of his administration; and he may, when necessary for the interests of the estate, be required to make a settlement at any time.”
Failure to make a proper settlement renders the executor or administrator and his sureties liable for all damages arising therefrom. Code 1975, § 43-2-503. However, § 43-2-110 limits the liability of an administrator, as follows:
“No executor or administrator is liable, except in the case provided by section 43-2-62, beyond the amount of assets which have come to his hands or which have been lost, destroyed, wasted, injured, depreciated or not collected by want of diligence on his part or an abuse of his trust.”
Appellant argues that the probate court’s finding that the estate received assets to-talling $322,777.77, was erroneous because, it says, the appellees failed to meet their burden of proof as to the existence of these assets. “The burden of showing that there are assets of an estate not included in the executor’s inventory rests on the contender, and his contention must be sustained with reasonable certainty.” Banks v. Junk, 264 So.2d 387, 394 (Miss.1972); 31 Am.Jur.2d Executors and Administrators § 212, at 115 (1967); 33 C.J.S. Executors and Administrators § 136, at 1092 (1942).
The appellees individually testified to the amount of income received into the estate via the business during the years *278 1981-1985. The administratrix contradicted their testimony with income tax returns for the years 1981-1984. We recognize the existence of conflicting testimony, even among the appellees; however, the trial judge is in the better position to judge the credibility of the witnesses and the sufficiency of the evidence. This Court will not disturb the decision of the trial court, sitting without a jury, on' conflicting evidence that is partly ore tenus, unless it is contrary to the great weight of the evidence. United States Fidelity & Guar. Co. v. Armstrong, 479 So.2d 1164 (Ala.1985); Owen v. Rutledge, 475 So.2d 826 (Ala.1985); Burroughs v. Great Atlantic & Pacific Tea Co., 462 So.2d 353 (Ala.1984); First Alabama Bank of Montgomery, N.A. v. Martin, 425 So.2d 415 (Ala.1982), cert. denied, 461 U.S. 938, 103 S.Ct. 2109, 77 L.Ed.2d 313 (1983); Sams v. Byars, 207 Ala. 504, 93 So. 415 (1922). It is not our province to attempt to ascertain with mathematical certainty the specific items calculated by the trial court to reach the total assets received into the estate or the total credit due the administratrix. Cf G.M. Mosley Contractors, Inc. v. Phillips, 487 So.2d 876, 879 (Ala.1986). We cannot say that the probate court’s finding that the estate consisted of assets totalling $322,-777.77, is contrary to the great weight of the evidence.
After determining the amount of assets received into the estate, the probate court then arrived at the figure $128,270.79 as the amount due the estate by the adminis-tratrix and her surety. The probate court had given the administratrix three separate credits against the estate. These credits consisted of funds paid in satisfaction of estate expenses in the amount of $109,-455.36, payments made to the appellees as advancements in the amount of $20,051.62, and credit for personal funds contributed to the estate by the administratrix in the amount of $65,000.00.
The burden of proving credits in the settlement of an estate falls on the administrator, who must adduce satisfactory proof of the existence and correctness of each item to be credited. Code 1975, § 43-2-507; Hines v. Baldwin, 211 Ala. 322, 323, 100 So. 466, 467 (1924); Pearson v. Darrington, 32 Ala. 227, 241 (1858). The probate court heard conflicting oral testimony from the administratrix and the appellees concerning these credits, and, therefore, the ore tenus rule applies to these findings.
Upon review of the first credit given to the administratrix, in the amount of $109,455.36, for payment of estate expenses, we find that the record below supports the determination of the court on this credit. Although documentary support of this credit is lacking, the allowance of credit to an administrator for expenses for which no vouchers are produced is a matter for the trial court’s discretion and will not be disturbed unless clearly erroneous. Jay v. Jay, 289 Ala. 513, 517, 268 So.2d 788, 791 (1972). Thus, the trial court’s determination on this matter will not be disturbed.
Turning to the $20,051.62 credit given to the administratrix for advancements made to the appellees, we find error in the probate court’s decision to allow the admin-istratrix a credit against the estate for the aggregate amount of said advancements, rather than crediting each appellee’s distributive share individually. The probate court determined that the administratrix made advancements to the appellees in the amounts of $10,324.54 to J.C. Mason, Jr.; $7,727.08 to C.P. Mason III; and $1,000.00 each to Kathy Copeland and Mary Drin-kard. Neither the appellant nor the appel-lees deny that advancements were made. There was conflicting oral testimony regarding the actual amounts advanced, but we cannot say that the probate court’s finding concerning the amount advanced to each appellee was clearly erroneous or manifestly unjust. However, we do find error with the probate court’s allowance of this credit against the estate as a whole. Advancements such as these may properly be charged individually against each appel-lee’s distributive share, after it has been ascertained, but not against the estate. Parks v. Parks, 243 Ala. 412, 414, 10 So.2d 289, 291 (1942); McCraw v. Cooper, 218 Ala. 186, 189, 118 So. 333, 336 (1928). In *279 Dickie v. Dickie, 80 Ala. 57 (1885), we held that an administrator is allowed a credit for money advanced to a distributee, but such advances are not money paid on account of the estate. “Such mingling of accounts tends to produce confusion, and to render it difficult, if not impracticable to ascertain and equalize the shares of the several dis-tributees.” Id. at 59; see also Willis v. Willis, 9 Ala. 330 (1846); Parker v. McGaha, 11 Ala. 521 (1847); Howard v. Rutherford, 149 Ala. 661, 43 So. 30 (1907). Thus, the allowance of $20,051.62, as a credit against the estate, rather than against the appellees individually, for advancements made to them by the administratrix, was erroneous, and this amount should have been included in the estate.
Considering the court’s credit of $65,000.00, to the administratrix for personal funds contributed to the estate, we again find error. Although such a credit is properly allowed against the estate, we find the probate court’s determination of the amount of this credit to be manifestly in error. The administratrix gave oral testimony concerning the total of her personal funds contributed to the estate for which she sought credit. She testified at one time that she contributed $40,000; another time she testified that it was $100,000; and at other times $110,000; $130,000; $180,-000; and $189,500. While this testimony is admittedly inconsistent, the probate court determined that the administratrix should be allowed credit for personal funds contributed to the estate in the amount of $65,000. After a careful review of the record, we find no evidence to support a credit in the amount of $65,000, and we are satisfied that this amount was reached in error. Furthermore, the words of the probate judge, sitting without a jury, convince us of this fact. During the hearing on the motions by the appellant and the adminis-tratrix for a new trial or in the alternative to vacate or amend the judgment, the probate judge discussed how he had reached his decision concerning the amount of credit to be allowed for the administratrix’s personal funds. He stated as follows:
“In terms of the hundred and thirty thousand dollars that Mrs. Mason received from her injury, the Court would have been prepared to have given credit for the whole hundred and thirty, or the forty thousand dollars. But this was all verbal. There was nothing to substantiate or support, any records to show [sic]. And so the Court arbitrarily took that figure and arbitrarily used half of it.” (Emphasis added.)
After a considerate study of the record, and in light of the probate judge’s comments, we are convinced that the court abused its discretion in the allowance of the aforesaid credit in that amount.
Turning now to the second issue raised on appeal, the appellant surety asserts that because the appellees shared in the profits of the business and sat silently for over four years as the administratrix mismanaged the estate, they are now es-topped from asserting their claim for damages arising from the mismanagement.[1] We find that the probate court’s action was consistent with the doctrine of estoppel as it applies in a limited extent to these facts. In this case, the doctrine of estoppel does not work a total bar on the distributees’ claim.
In Stanley v. Beck, 242 Ala. 574, 7 So.2d 276 (1942), we held that the sole heir and distributee, who had induced an administrator to successfully contest the probate of an alleged will, was in no position to object to the allowance of reasonable expenses incurred by the administrator at his request. Such an expense is allowed as a credit in the administrator’s settlement of the estate. In the present case, the profits of the business in which the appellees shared constitute advancements by the ad-ministratrix to the appellees against their distributive shares. See Reed v. Ragsdale, 230 Ala. 683, 163 So. 324 (1935). The appellant’s argument that the appellees are precluded from charging the administratrix *280 with mismanagement fails because it seeks to treat the advancements procured by the appellees as a total bar to any claim by them in the settlement of the estate. This is not the law. As previously discussed in regard to the first issue, such advancements operate as a credit upon the legacy of the distributee receiving the advance. Parks v. Parks, 243 Ala. 412, 414, 10 So.2d 289, 291 (1942); McCraw v. Cooper, 218 Ala. 186, 189, 118 So. 333, 336 (1928). Thus, the appellees are estopped only from denying a credit against each of their distributive shares in the amount of their respective advancements as determined by the probate court.
Accordingly, we reverse and remand for action consistent with this opinion.
REVERSED AND REMANDED.
JONES, ALMON, SHORES and HOUSTON, JJ., concur.

. The appellees argue that the issue of estoppel was not raised in the probate court and, thus, is precluded on appeal; however, we dismiss this argument since the issue is sufficiently evidenced by the record of the proceedings below.