DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TIFFANY STAESCHE,**
Appellant,

v.

**ESTATE OF ELLIOT JOE HOUSLEY,**
Appellee.

No. 4D2024-1409

[October 8, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Natasha DePrimo, Judge; L.T. Case No. PRC22-003414.

Tiffany Staesche, Chicago, Illinois, pro se.

Douglas F. Hoffman of Rudolf & Hoffman, P.A., Fort Lauderdale, for appellee.

GROSS, J.

In this appeal, Tiffany Staesche challenges the trial court's determination that her deceased father's estate held no ownership interest in a company called Pixel Yoo, Inc. We affirm, because nothing in this record demonstrates that the order is not based on competent, substantial evidence.

### *Factual Background*

The decedent, Elliot Joe Housley, died on June 10, 2022. Shortly thereafter, Staesche filed a petition for administration of her father's estate.

The petition alleged that Pixel Yoo was an estate asset. Additionally, the petition identified Staesche and another daughter, Taylor Housley, as the estate's heirs. The decedent's son, Cyan Jonah, was later identified as a third heir.

The trial court signed letters of administration and appointed Staesche as personal representative.

Soon after the decedent's death, his girlfriend, Jacqueline Purcell, dissolved Pixel Yoo and incorporated a new entity.

Staesche filed a complaint within the probate action, alleging that the decedent owned at least 49% of Pixel Yoo. The complaint described Pixel Yoo as a "bulk short-message-service (SMS) provider." Among other things, Staesche requested the appointment of a receiver to protect the estate's alleged interest in Pixel Yoo.

At a hearing held on August 2022, the court denied the appointment of a receiver but ordered disclosure of financial documents related to Pixel Yoo.

After two of Staesche's lawyers withdrew from representing her, she did not retain new counsel. The court removed her as personal representative of the estate and appointed lawyer Douglas Hoffman as Curator.

In November 2023, the Curator submitted his first status report, concluding from his investigation that the decedent did not hold any ownership interest in Pixel Yoo. The Curator based his conclusion on a 2021 corporate tax return for Pixel Yoo, which indicated that 100% of the company was owned by Purcell. The Curator acknowledged that Staesche had provided "her interpretation of certain events that she believes is evidence of her father owning all or part of Pixel Yoo," including "statements made by a prior attorney, the decedent's death certificate indicating that he was 'self-employed,' the fact that [Purcell had] wavered on what her ownership in the company may be, and other theories involving conflict of interest between attorneys opposing [Staesche's] views." However, the Curator believed that the tax return "very well may be the best evidence, and quite frankly the only admissible evidence, of the ownership of the company."

Staesche responded to the Curator's conclusion by disputing his findings and questioning the quality of his investigation.

The trial court held a two-day evidentiary hearing on March 14 and May 2, 2024. The record on appeal does not contain a hearing transcript.[1]

---

[1] Although this court gave Staesche the opportunity to supplement the record with a transcript or a proper substitute, she was unable to do so.

The trial court entered a comprehensive, thoughtful order after the evidentiary hearing. The order detailed the evidence received at the evidentiary hearing, which we summarize below.

The hearing began with Staesche calling the Curator as her first witness. The Curator testified that, upon his appointment, he began investigating potential estate assets, including Pixel Yoo. The Curator emphasized that in conducting his investigation, he "looked for admissible evidence" and reviewed a K1 tax form he received directly from the decedent's accountant, David Severe, and from Pixel Yoo's counsel. According to the Curator, the tax document showed that "Purcell was 100% owner of Pixel Yoo." The Curator further testified that he spoke directly with Severe, who "explained that he personally spoke with the Decedent regarding the matter of ownership; and the Decedent advised Severe that his long-time girlfriend, Jacqueline Purcell, was the 100% owner of Pixel Yoo."

The Curator continued by explaining that "the 1120 and K1 forms he reviewed confirmed what Severe indicated — that Purcell owns 100% of Pixel Yoo." The Curator noted that because Pixel Yoo lacked articles of incorporation, "the tax documents, which were signed and filed with the IRS under penalty of perjury, are the best evidence to establish ownership."

The Curator reviewed Staesche's correspondence, together with the documents filed in the lawsuit Staesche had brought on the estate's behalf against Purcell. The lawsuit documents included an affidavit by the decedent's friend Mark Mignott, who attested that the decedent had "always maintained that he wanted Purcell to be 100% owner of Pixel Yoo." Despite reviewing "every document that Staesche provided to him, including a transcript from a prior hearing, e-mails, and Decedent's death certificate," the Curator testified that none of these materials "changed his conclusion that the Estate has no ownership interest in Pixel Yoo." The Curator emphasized that "based on his review of the tax records, Purcell owned 100% of Pixel Yoo from inception and that ownership was never transferred."

Staesche's second witness was Purcell, who testified that "Pixel Yoo was incorporated around January 2021." She stated that David Severe was hired a few months after the company's formation. She explained that she and the decedent had "met with Severe in person," and the decedent had "decided to retain Severe as Pixel Yoo's accountant." She clarified that "they had no previous relationship with Severe" and that the decedent had hired Severe specifically "for the purposes of executing tax documents for

3

Pixel Yoo." She said that she had signed the tax records, which were admitted into evidence, before those records were filed with the IRS. "Per the tax records," the trial court noted, "Purcell is 100% owner of Pixel Yoo."

Staesche's third witness was attorney Garry Louima, who represented Purcell at the August 2022 hearing. Louima testified that he had been given "short notice for the hearing" and that he "does not practice in probate." Staesche attempted to admit into evidence the transcript from that hearing, which contained the attorney's statement about the estate's ownership interest in Pixel Yoo. The trial court sustained a hearsay objection to the admission of the transcript. At that time, Staesche did not identify any applicable exception to the rule against hearsay. The court also sustained objections to portions of the attorney's testimony on the basis of attorney-client privilege.

The Curator later called himself as a witness to further detail his investigation. The Curator explained that he had "contacted all the financial institutions listed on the Petition for Administration" and found that only PNC had an account in the decedent's name. The Curator also pointed out that he had identified another heir, Cyan Jonah, whom Staesche had not disclosed on the petition for administration.

Reiterating his findings on Pixel Yoo, the Curator "once again went over his extensive investigation" and stood by "his conclusion that Pixel Yoo was not owned by Decedent" and thus was "not an Estate asset." The Curator acknowledged that the version of the tax record he had reviewed was unsigned, but he emphasized that this "made no difference in his investigation as it was ultimately signed and filed with the IRS," and that "nothing in his investigation suggests that Purcell was not 100% owner of Pixel Yoo."

### *Order on Staesche's Objection to Curator's Report*

Following the evidentiary hearing, the trial court entered its order on Staesche's objection to the Curator's reports. The court framed the issue as "whether the Curator complied with his fiduciary duties in conducting his investigation regarding whether Pixel Yoo is an Estate asset." Based on the testimony and evidence described in the order, the court found "no evidence to substantiate Staesche's allegation that the Curator . . . acted outside of his fiduciary duties." The court proclaimed that the Curator "conducted an independent investigation regarding Pixel Yoo, which also included reviewing the documents that Staesche provided to him, and based on his investigation, Purcell is 100% owner of Pixel Yoo." "Given the conclusion that Pixel Yoo is not an asset of the Estate," the court reasoned,

there was "nothing for the Curator to marshal with regard to Pixel Yoo." Accordingly, the court overruled Staesche's objection, deemed the Curator's reports final, and approved those reports.

### *Legal Discussion*

We review the trial court's factual findings for competent, substantial evidence. *Greenberg v. Bekins of S. Fla.*, 337 So. 3d 372, 375 (Fla. 4th DCA 2022). Competent, substantial evidence means evidence that is "sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached." *De Groot v. Sheffield*, 95 So. 2d 912, 916 (Fla. 1957).

"In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error." *Applegate v. Barnett Bank*, 377 So. 2d 1150, 1152 (Fla. 1979). A trial court should be affirmed where "the record brought forward by the appellant is inadequate to demonstrate reversible error." *Id.* "Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory." *Id.* In short, "[a]n appellant has the burden to present a record that will overcome the presumption of the correctness of the trial court's findings." *Ahmed v. Travelers Indem. Co.*, 516 So. 2d 40, 40 (Fla. 3d DCA 1987).

Unless an error is apparent on an order's face, an appellant's failure to provide a transcript of an evidentiary hearing is "usually fatal" to a claim of error in connection with the hearing. *Casella v. Casella*, 569 So. 2d 848, 849 (Fla. 4th DCA 1990). For example, the absence of a transcript precluded an appellate court from reviewing a claim that the trial court had deprived the appellant of due process during a hearing by not giving her attorney enough time for cross-examination and by not allowing her to present her witnesses' testimony. *Jennings v. Fredes*, 327 So. 3d 906, 908 (Fla. 1st DCA 2021). Likewise, without a transcript of an evidentiary hearing, an appellate court "cannot know what issues were preserved for review." *Burkett v. Burkett*, 155 So. 3d 478 (Fla. 1st DCA 2015).

Here, Staesche has not met her burden of establishing reversible error. None of Staesche's arguments warrant reversal.

First, Staesche has failed to show that the trial court erred or abused its discretion by narrowing the scope of the hearing to the issue of whether the Curator had complied with his fiduciary duties in investigating

5

whether Pixel Yoo was an estate asset. Staesche has not demonstrated how her various allegations against the Curator, the court, certain attorneys, and other beneficiaries of the estate were material to the issue of whether the Curator had properly determined the estate's assets. Moreover, apart from Staesche's request for the trial court to consider the August 2022 hearing transcript, the trial court's order does not indicate that Staesche had proffered any additional evidence that she wanted the trial court to consider. "Without a proffer it is impossible for the appellate court to determine whether the trial court's ruling was erroneous and if erroneous what effect the error may have had on the result." *Finney v. State*, 660 So. 2d 674, 684 (Fla. 1995).

Second, Staesche has not shown that the trial court erred in placing the burden of proof upon her. Staesche bore the burden of proof. "In estates of decedents and wards, the party bearing the affirmative of an issue has the burden of proof." *Beck v. Beck*, 383 So. 2d 268, 270 (Fla. 3d DCA 1980). The general rule is that the "burden of proof is on one claiming that there are assets of an estate not included in the executor's inventory." *Banks v. Junk*, 264 So. 2d 387, 394 (Miss. 1972); *see also Am. States Ins. Co. v. Copeland*, 534 So. 2d 275, 277 (Ala. 1988) (stating that the "burden of showing that there are assets of an estate not included in the executor's inventory rests on the contender, and his contention must be sustained with reasonable certainty"). "Since the inventory is presumed to be correct, one attacking it has the burden of proof." 34 C.J.S. *Executors and Administrators* § 207.

Third, Staesche has not shown that the trial court was biased against her. Nothing on the face of the record demonstrates such judicial bias. While Staesche complains that the trial court "routinely denied" her "motions for additional hearing time, extensions, and clarification," Staesche never set these motions for hearing or obtained a ruling upon these motions. In any event, the court would have been within its discretion to deny these motions. The motions for clarification were unnecessary because the court's rulings were clear. And the court would have been well within its discretion to deny Staesche's request for additional hearing time, as the two-day hearing was sufficient under the circumstances. *See Sullivan v. Sullivan*, 736 So. 2d 103, 105 (Fla. 4th DCA 1999) ("A full and fair hearing does not require a trial court to allow unlimited time. Imposing fair and predetermined time limits does not, standing alone, deprive a party of due process of law.").

Fourth, Staesche has failed to preserve any error in the trial court's exclusion of the August 2022 hearing transcript. The trial court sustained a hearsay objection opposing the admission of the transcript, and Staesche

did not raise any exceptions to the hearsay rule. Therefore, Staesche did not preserve her argument—raised for the first time on appeal—concerning the admissibility of the Purcell's attorney's statements at a court hearing. *See Carabella v. State*, 727 So. 2d 270, 271 (Fla. 4th DCA 1999) ("By not raising in the trial court those arguments for admissibility now raised on appeal, appellant failed to preserve his contention that the excluded statements were non-hearsay or that they fell within some exception to the hearsay rule.").

Fifth, from the face of the order, the trial court's ruling appears to be supported by competent, substantial evidence. Nothing that has been included in this record changes that conclusion. As the trier of fact, the trial court conducted a two-day evidentiary hearing where it received live testimony and reviewed documentary evidence relevant to Staesche's objections to the Curator's report. The court heard testimony from the Curator, who detailed his investigation into the estate's assets, including Pixel Yoo. Additionally, the Curator testified without objection that the decedent's accountant affirmed Purcell's full ownership. Likewise, Purcell testified that she had personally signed Pixel Yoo's tax returns, which confirmed her 100% ownership. The trial court was entitled to credit this competent, substantial evidence and reject Staesche's unsupported claim of estate ownership.

Significantly, apart from her own unsworn arguments and assertions, the record reflects that Staesche did not present any documentary evidence or witness testimony that would substantiate her claim that the estate held a 49% interest in Pixel Yoo. This court will not reweigh the evidence or substitute its judgment for the trial court. Because the trial court's determination that the estate held no interest in Pixel Yoo is supported by the evidence recounted in the order, and the order reflects that Staesche failed to present any competing proof, we affirm.

*Affirmed.*

GERBER, J., and SHULLMAN, SARAH L., Associate Judge, concur.

\*       \*       \*

**Not final until disposition of timely-filed motion for rehearing.**